### FRED MAYS. v. THE STATE.

#### No. 531. Decided April 13, 1910.

**1.—Burglary—Continuance—Testimony not Probably True.**

Where, upon appeal from a conviction of burglary, it appeared from the record that the alleged absent testimony would have been probably untrue, and that it was not of such character as would have changed the result of the trial, there was no error.

**2.—Same—Child Witness—Incompetency.**

Where, upon trial for burglary, it appeared that the child witness offered by defendant was a mere infant, unable to realize the meaning of an oath, it was incompetent to testify.

**3.—Same—Charge of Court—Requested Charges.**

Where, upon trial for burglary, there was evidence that the defendant found the alleged stolen property, and the court submitted the defendant's requested charge on this issue, there was no error in the court's refusal to submit other requested charges on the same issue.

**4.—Same—Requested Charges—Practice.**

Wherever an issue is once submitted by the court fairly, in language chosen by defendant, it would seem manifestly unnecessary, if not indeed improper, to elaborate the same matter in additional instructions; this would only confuse and lend undue emphasis to the matter covered thereby.

**5.—Same—Charge of Court—Forcible Entry.**

Where, upon trial for burglary, the evidence showed that all the openings of the alleged burglarized house were closed, there was no error in refusing the requested charge that, if defendant entered through an open door without using force, he could not be convicted of burglary.

Appeal from the District Court of Guadalupe. Tried below before the Hon. James Greenwood, Special Judge.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Harley & Weinert,* for appellant.—On question of court's refusal to grant defendant's motion for continuance: Baines v. State, 42 Texas Crim. Rep., 510, 61 S. W. Rep., 119; Martin v. State, 44 Texas Crim. Rep., 538, 72 S. W. Rep., 386; Thomas v. State, 51 Texas Crim. Rep., 329, 101 S. W. Rep., 797.

On court's refusal to submit requested charge: Neiderluck v. State, 23 Texas Crim. App., 38, 3 S. W. Rep., 573; Milton v. State, 6 S. W, Rep., 303; Hamilton v. State, 11 Texas Crim. App., 116,

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This appeal is prosecuted from a conviction had in the District Court of Guadalupe County, wherein appellant was charged with burglary of a private residence, and on trial found guilty, and his punishment assessed at confinement in the penitentiary for a period of five years.

The evidence in the case is circumstantial. E. Pomerantz lived in the town of Seguin, and with him lived Alex Pomerantz. His house was entered on the 15th day of August, 1909. The parties were disturbed by the entry, and discovered the presence of the intruder. Alex Pomerantz had, and had kept on or about his person for some months, what is known as a ten ruble bill, that is to say, a piece of Russian currency. This he obtained from New York, intending, as he says, to send it abroad so as to save exchange and delay, and the testimony shows that it was quite unusual for such bills to be in circulation, and that he had obtained same through the Seguin State bank, who ordered it from New York, intending to mail it to a friend of his in Russia. He kept the bill carefully folded in such a way that it was satisfactorily identified on the trial. Appellant was found in possession of this bill the next day, and this circumstance, together with the explanation he sought to make of it, and the fact that the house was burglarized, is the main testimony tending to connect him with the burglary.

1. When the case was called for trial appellant made an application for a continuance for the want of the testimony of his wife, Lillie Mays. He alleged that he expected to prove by her and could prove by her that he was at home on the night of the burglary from sundown to daylight the next day, and that he was not nearer the burglarized house during the night than about five blocks. He also stated in the application he expected to prove by said witness that the Russian bill found in his possession at the time of his arrest was found by him while in company with this witness between the Methodist Church and the residence of Mrs. Fennell, and more than a block from the house alleged to have been burglarized. The motion being overruled, the case proceeded to trial. We find in the record two affidavits made by Lillie Mays. One of them made the 10th of December, 1909, is to the effect, in substance, that she was with appellant on the morning after the burglary walking from their home down town, and as they were passing the Methodist Church appellant stooped down and picked up something which, to the best of her knowledge and belief, was the same bill which was taken from appellant a day or so after the alleged burglary, and that he came into possession of this bill by picking it up as above stated; and that to the best of her knowledge and belief it was the same bill which was being used as evidence against him in this case. There is another affidavit made by Lillie Mays to the effect, in substance, that she was

unable to state that defendant was at home all night on the night of the burglary, and that he stayed there continuously from sundown to daybreak. The said Lillie Mays further swore in this affidavit that she was with appellant when he picked up something, but does not know what it was, nor does she know the place where it was picked up, but thought it was near the church house. There was also filed as part of the State's contest an affidavit of W. T. Koch, who testified that when appellant brought him the bill in question he said that he had found it lying in the street in front of the storehouse of Heye, near the courthouse, on northeast corner of the public square, and that the place named by him to the witness is not in the vicinity of the Methodist Church or Mrs. Fennell's residence, but is in a different portion of the town of Seguin, and on an entirely different street, two blocks from the public square. We think, in view of the entire record, that it is manifest that if Lillie Mays had given the testimony expected of her as to the finding of the bill in question, that it would have been untrue, and that it was not such testimony as in the nature of things could or would have changed the result of the trial.

2. On the trial appellant offered in evidence Alberta McIntyre, a small child four years old. We deem it unnecessary to set out her voir dire examination in full. The court below, with the child before him, determined, in view of her tender age, and what appeared to be her utter inability to realize the meaning of an oath, that she was not a competent witness. We think no other just conclusion could have been reached under the circumstances.

3. In addition to the general charge, wherein the issues were fairly submitted, at the request of appellant the court gave the following: "In this case, among other evidence relied on by the State, is evidence introduced to show defendant in possession of alleged stolen property. You are instructed that if you believe from the evidence that the defendant found said property, or came in possession of it in any other way than by the alleged burglary of said house, you will acquit the defendant." In addition to this the court was asked to instruct the jury as follows: "In this case, among other evidence relied on by the State is evidence introduced to show defendant in possession of alleged stolen property, you are instructed that if the defendant found said property or came in possession of it in any other way than by the alleged burglary, the same would be no evidence of his guilt in this case, and you are instructed that if from the evidence you have a reasonable doubt as to said property being actually stolen, or if you have a reasonable doubt as to whether or not defendant found same and thereby came in possession thereof, you will disregard his being in possession of said property and the same would be no evidence of his guilt." This charge was refused. This charge was a correct presentation of the law, but was, we think, sufficiently covered by the special instruction above set out and given by the court at appellant's request. Wherever an issue is once submitted by

the court fairly, in language chosen by a defendant, it would seem manifestly unnecessary, if not indeed improper, to elaborate the same matter in additional instructions. The effect of giving such additional instructions would either be to confuse the jury or possibly lend undue emphasis to the matter covered thereby.

4. On the trial a special charge was requested to the effect, in substance, that if the jury should believe that appellant entered through an open door without using force, that he could not be convicted of burglary. All the evidence is to the effect that all the openings were closed, and there was no evidence that any of them were open, which would permit an entry into the house from the outside, and there was not, as we view the record, any evidence which made it incumbent upon the court to give this charge. The testimony in the case was circumstantial, but we think under all the circumstances there was sufficient evidence from which the jury could have concluded that appellant was the person who entered the house in question, and that he was guilty of burglary.

Finding no error in the record, the judgment of conviction is hereby in all things affirmed.

<div align="right">

*Affirmed.*