# JANUARY, 1923.

### H. J. Seymour v. The State.

No. 7047.    Decided November 8, 1922.

Rehearing denied January 3, 1923.

**1.—Assault to Rob—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to rob, the evidence was sufficient to sustain the conviction, there is no reversible error.

**2.—Same—Voluntary Confession—Charge of Court.**

Where the court instructed the jury that the confession could not be considered unless the jury believed that it was voluntarily made by the defendant, and that the confession must be corroborated, etc., there was no error in refusing requested charges practically the same in substance as the one already given.    Following Mays v. State, 58 Texas Crim. Rep., 651, and other cases.

**3.—Same—Rehearing—Voluntary Confession.**

Where the record on appeal contained nothing therein supporting the proposition that appellant's confession was not freely and voluntarily made, and the submission of such issue by the court was out of abundance of caution, although without substantial foundation, there was no error in refusing a requested    charge more aptly presenting the issue than that given.

Appeal from the District Court of Wichita.    Tried below before the Honorable P. A. Martin.

Appeal from a conviction of assault with intent to rob; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—Cited, Pinkerton v. State, 244 S. W. Rep., 606.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for assault with intent to rob; punishment fixed at confinement in the penitentiary for a period of four years.

The alleged injured party was W. B. Flemmons, who testified that after he had retired someone knocked at the door and claimed that it was Archie Hayne, (who was a friend of Flemmons). Flemmons struck a match and opened the door, and the party outside came in with a pistol in his hand, pointed the gun at Flemmons and stooped over. Flemmons grabbed the gun and a struggle ensued. The gun was fired twice and the party went out of the room. The assailant left his hat in the room which was identified as belonging to the appellant, Seymour.

The testimony of Byers, an accomplice, was used and was to the effect that he, Seymour and Little made an agreement to rob Flemmons; that he, Byers, went into the house to Flemmons' bed, and that when Flemmons saw the pistol, he asked who the assailant was and was told that it was a friend. Flemmons grabbed Byers, and in the struggle the pistol was fired twice. The witness said he was wearing Seymour's hat; that he told Flemmons his name was Hayne; that he did this at Seymour's suggestion.

We understand from Byers' testimony that the appellant and Little were present and had handkerchiefs tied over their faces. Little stayed in the alley and Seymour was in the yard, but did not go into the house. The witness Byers had a pistol. The object of the entry was to rob Flemmons of money which they understood that he had in his possession.

Appellant's written confession was introduced to the effect that he, Byers and Little had planned to rob Flemmons and another party; that they went to the house of Flemmons with handkerchiefs tied over their faces; that he and Byers exchanged hats; that he told Byers to say his name was Hayne; that Byers opened the door and said: "Lay still." There was a scuffle and shots were fired, and that he, and Little ran away. Byers later joined them.

We fail to discern any such weakness in the evidence as to justify a reversal for want of proof. Our attention has been directed to no authority which would justify such a conclusion. See Branch's Ann. Tex. Penal Code, Sec. 2409.

The court instructed the jury that the confession could not be considered unless the jury should believe that it was voluntarily made by the defendant. The court gave a special charge that the confession alone was not sufficient, and to support the conviction there must be

corroboration; it also instructed that the mere presence of the appellant would not justify a conviction. The court further charged on the law of aggravated assault.

Two special charges were requested to direct the minds of the jury to the law requiring that the confession be voluntary. The charge given was practically in the language of one of the special charges requested. The appellant did not testify, nor was there any affirmative testimony discrediting the voluntary character of the confession, unless it be that showing the presence of officers at the time it was made. It was made to the County Attorney who testified to its voluntary character. In form, it complied with the statute. It was made in the presence of Byers and Little, as well as the two policemen and the deputy sheriff. At least, they were in the office of the County Attorney at the time. The policemen had made the arrest. One of appellant's eyes was red.

Conceding that under the rule in Cortez v. State, 43 Texas Crim. Rep., 382, one of the special charges prepared by the appellant would have been more appropriate on the question of the voluntary character of the confession than that which was embraced in the court's charge, we are of opinion, that, in view of the fact that in writing his charge, the court practically adopted the language of one of the special charges upon the same subject which the appellant submitted, his refusal to give the other special charge was not error justifying a reversal of the judgment. The rule is well established that a special instruction may be refused where the same, in substance, is embraced in another special charge that is given, or embraced in the main charge. Vernon's Tex. Crim. Stat., Vol. 2, p. 495, note 18, and authorities cited. See Mays v. State, 58 Texas Crim. Rep., 651; Tucker v. State, 150 S. W. Rep., 190.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING

### January 3, 1923.

LATTIMORE Judge.—The only complaint presented on rehearing is that the trial court erred in refusing to give a special charge asked by appellant, the substance of which was to tell the jury that they could not consider against appellant a statement signed by him in the nature of a confession, unless they believed that said statement was freely and voluntarily made, and that if they entertained a reasonable doubt of the voluntary character of said statement they should not consider it. It is urged that said special charge presented the law applicable to the proposition that a confession was not to be considered unless freely and voluntarily made, in more appropriate language than this issue was presented in the charge as given. An examination of the statement of facts discloses that appellant did not testify in his own

behalf, nor did he introduce any witness save Mr. Belcher, an officer. Nothing appears in the testimony of Mr. Belcher casting doubt upon the free and voluntary character of the confession of the accused. We have examined anew the testimony given by the State witnesses and find nothing therein supporting the proposition that said confession was not freely and voluntarily made. It appears to us that the submission of said issue to the jury was out of the abundance of caution and that the claim of appellant is without substantial foundation. This being the case, it is out of the question to direct a reversal because it might be admitted that the special charge more aptly presented the issue than that given.

Believing the case was originally disposed of in accordance with law, the motion for rehearing will be overruled.

*Overruled.*