CHRIS. ANDERSON v. THE STATE.

No. 6030.    Decided December 16, 1920.

1.—Aggravated Assault—Means of Assault—Child—Aggravation.

Where, upon trial of aggravated assault upon a child by an adult male, the indictment did not allege in one count the means used but in another it was charged that it was committed with a stick, and the evidence showed it was done with a switch, the conviction could be sustained under the other count, as the law does not require in this the allegation of grounds of aggravation or allege the means of committing the assault. Following Collins v. State, 39 Texas Crim. Rep., 39.

2.—Same—Simple Assault—Charge of Court—Protecting Property.

No just complaint can be found upon the submission of the issue of simple assault, nor was there error in refusing a charge upon the right to commit the assault in protecting property under the facts.

3.—Same—Competence of Witness—Obligation of an Oath—Child Witness.

Where, upon trial of aggravated assault the competency of a State's witness was challenged on the ground that the witness was only seven years of age, and the record failed to disclose that the child understood the obligation of an oath, and its testimony being essential to make out the State's case, the same is reversible error. Following Mays v. State, 58 Texas Crim. Rep., 651, and other cases.

Appeal from the County Court of Lee. Tried below before the Honorable John H. Tate.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*The Bowers*, for appellant.—On question of child as incompetent witness: Williams v. State, 12 Texas Crim. App., 137.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The appellant, an adult male, was charged with aggravated assault upon a child.

The evidence shows that the child was trespassing upon his premises, and that the appellant whipped him. The indictment in this count did not alleged the means used, though in another count it was charged the assault was committed with a stick. The evidence showed it was done with a switch. The prosecution could be .sustained under the first count, the law not requiring in this ground of aggravation that the means used in committing the assault be alleged. Collins v. State, 39 Texas Crim. Rep., 39.

No just complaint can be founded upon the submission of the issue of simple assault. It was favorable to the appellant. Branch's Ann. Texas P. C., p. 927 and cases listed. Nor was there error in refusing to charge upon the right to commit the assault in protecting property. We .understand that to justify upon this ground, the circumstances must make the assault necessary,

The ·competency of the State's witness is challenged. He was a negro boy, seven years of age. The boy's testimony on *voir dire* discloses that he did not know what it meant to swear; that he did not know that he would be punished if he swore falsely. In the court's qualification of the bill, it appears that the court asked him: "Is it right to tell a story or to tell the truth?," to which he replied: "It is right to tell the truth," and that he was going to tell the truth. The statute makes children incompetent to testify who are wanting in sufficient intellect, or who do not understand the obligation of an oath. In our judgment, the bill fails to disclose that the child understood the obligation of an oath. He might have had sufficient intelligence, and under proper instruction might have understood the obligation. It would, we think, have been permissible to instruct him, either before putting him upon the witness stand or in the absence of the jury. We see no reason why the court might not have done so. Wharton's Crim. Evidence, vol. 1, p. 745; Clinton v. State, 12 Amer. & Eng. Ann. Cases, p. 151; 16 Amer. & Eng., Encyc. of Law, 2nd Ed., p. 267. We think the competency of the witness is not disclosed by the record. Ake v. State, 6 Texas Crim. App., 398; Williams v. State, 12 Texas Crim. App., 127; Holst v. State, 23 Texas Crim. App., 1; Anderson v. State, 53 Texas Crim. Rep., 341; Mays v. State, 58 Texas Crim. Rep., 651. We think

there was error requiring reversal committed in overruling the objection to receiving the testimony of the child, his testimony being essential to make out the State's case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*