Clyde Wayne **THOMPSON**, Appellant,

v.

**The STATE of Texas, Appellee.**

Nos. 47038 thru 47041.

Court of Criminal Appeals of Texas.

May 30, 1973.

---

Marvin Miller, Court appointed, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon Armstrong and Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offenses of possession of narcotic paraphernalia, possession of narcotics, to wit, heroin, burglary with intent to commit theft, and passing a forged instrument. He received sentences of 20 years, 20 years, 10 years, and 5 years, respectively.

Though he pled guilty to all the charges, he now raises a plea of double jeopardy. See Robinson v. Neil, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973).

The State concedes that the charges of possession of narcotic paraphernalia and possession of heroin both arose out of the same transaction. The stipulated evidence shows that, upon a consented search of appellant's automobile, a package fell out of a coat pocket, containing a hypodermic needle and heroin.

We must conclude that, under this set of facts, the two charges constituted but one offense. The prosecuting attorney could have carved as large an offense out of a single transaction as he could, but he must carve only once. 1 Branch's Ann.P.C. 2d, § 654, pg. 625.

Only one conviction of these two can now stand. Throughout the proceedings, the judge referred first to the charge of possession of narcotic paraphernalia, then to the possession of heroin charge. It matters little which conviction stands, since the same punishment was received in each case and the sentences were to run concurrently. Jones v. State, 482 S.W.2d 194 (Tex.Cr.App.1972).

Therefore, the conviction for possession of heroin is hereby reversed and remanded. Ex parte Easley, 490 S.W.2d 590 (Tex.Cr. App.1973).

Appellant further contends that the indictment in the possession of narcotic paraphernalia case was fatally defective since it failed to negate any of the exceptions set forth in the statute, Article 725b, Vernon's Ann.P.C. This contention is without merit. Article 725b, § 21, V.A.P.C.

In the remaining two cases, appellant's attorney has filed a brief stating that the appeals in those causes are frivolous. The stipulated evidence supports the guilty pleas received in the two cases. Appellant's counsel has complied with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969). No pro se brief has been filed.

The judgment is reversed and the cause remanded in the possession of heroin cause; the remaining three judgments are affirmed.

DOUGLAS, J., not participating.