Thomas Andrew HANCOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 46308.

Court of Criminal Appeals of Texas.

May 30, 1973.

Eduardo Roberto Rodriguez, Brownsville, for appellant.

F. T. Graham, Dist. Atty. and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, six (6) years.

Appellant does not challenge the sufficiency of the evidence.

Appellant's first contention relates to former jeopardy. He claims that the prosecution, in the instant case, is barred by his prior conviction for possession of narcotic paraphernalia growing out of the same transaction.

The record in the prior case is before this Court (Hancock v. State, # 46,005, 10/18/72). It contains no statement of facts or briefs and was affirmed by a per curiam opinion.

From an examination of the record in the two causes we find the following:

1. The indictments show the dates alleged for each offense as being the same date.

2. The indictments in both causes were returned on the same date and have on each thereon listed the identical named witnesses.

3. The record before us in this case establishes without question that only one search warrant was used by the officers on that particular date.

4. State's Exhibits 1, 5 and 6 admitted in this cause, over objection that they were irrelevant to the possession of marihuana charge, are as follows:

State's Exhibit 1—a picture of a spoon;

State's Exhibit 5—a picture of a syringe;

State's Exhibit 6—a picture of what appears to be a hypodermic syringe needle kit.

5. All of these items were found as a result of the one search warrant executed on that day.

6. In this record we find the following objection and ruling by the court which is his recognition of the fact that the exhibits here introduced into evidence were the same exhibits which had been used in a prior trial:

"[Appellant's Attorney]: My objection is that the introduction of all these exhibits in this case is prejudicial to the defendant for the reason that they have markings from a prior trial and, if they are going to be allowed in evidence in this case, all the markings should be removed from the evidence, thus not allowing the jury the opportunity to conjecture about the markings on the evidence in this case.

"THE COURT: In that connection, I want the record to show that the prior trial to which you refer, Mr. Rodriguez, is a case in which this defendant was convicted of possession of narcotic paraphernalia and which is now on appeal from this Court to the Court of Criminal Appeals and that the exhibits to which you refer were introduced in that case, the markings to which you refer were made in that case and the necessity for such markings remaining with the exhibits, of course, is—that case is on appeal and we cannot take those markings off of it.

"If you can suggest some way that won't really point up those prior markings, I will be glad to entertain it."

7. The Judge of the 197th Judicial District Court of Cameron County, acknowledges, in this record, that he tried both this and the prior case.

From the above we have concluded that both offenses grew out of the same transaction. Therefore, the doctrine of carving applies and the rationale of Thompson v. State, Tex.Cr.App., 495 S.W.2d 221 (1973), this day decided, controls. Jones v. State, Tex.Cr.App., 482 S.W.2d 194; Price v. State, 475 S.W.2d 742; Duckett v. State, Tex.Cr.App., 454 S.W.2d 755.

For the reasons stated in such opinions, the judgment is reversed and the cause is remanded.