**Timothy Mark HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47151–47154.**

Court of Criminal Appeals of Texas.

July 3, 1973.

No attorney on appeal, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals are taken from two convictions for robbery by assault (Causes No. 47,153 & 47,154), one conviction for possession of narcotic paraphernalia (Cause No. 47,152), and one conviction for possession of marihuana (Cause No. 47,151). In each case, the court assessed the punishment at 5 years.

After waiver of trial by jury in each case the appellant entered pleas of guilty before the court and, by agreement, all four cases were heard at the same time.

No appellate brief has been filed in any of these cases and there does not appear to be any question of indigency.

We do note a fundamental error which should be considered "in the interest of justice." Article 40.09 § 13, Vernon's Ann.C.C.P.

The evidence offered reflects that the offenses of possession of narcotic paraphernalia and possession of marihuana arose out of the same transaction at the same place and time. Under the facts presented, the two charges constitute one offense. Therefore, we conclude that since both offenses grew out of the same transaction the doctrine of carving and the rationale of Thompson v. State, 495 S.W. 2d 221 (Tex.Cr.App.1973), controls. See also Hancock v. State, 495 S.W.2d 222 (Tex.Cr.App.1973); Jones v. State, 482 S.

W.2d 194 (Tex.Cr.App.1972); Price v. State, 475 S.W.2d 742 (Tex.Cr.App.1972); Duckett v. State, 454 S.W.2d 755 (Tex.Cr. App.1970). See also Ex parte Easley, 490 S.W.2d 570 (Tex.Cr.App.1972).

Only one of these two convictions can stand. It matters little which conviction stands since the same punishment was assessed in each case and all the sentences were permitted to run concurrently. Thompson v. State, supra.

We do note that evidence was first presented on the possession of narcotic paraphernalia and that case was, in effect, completed before evidence as to the possession of marihuana was presented and considered.

Therefore, the conviction in Cause No. 47,151 for possession of marihuana is hereby set aside and the judgment is reversed.

Causes No. 47,152, 47,153, and 47,154 are hereby affirmed.