**Robert G. ELLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47908, 47909.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Brock Huffman, San Antonio, for appellant.

Ted Butler, Dist. Atty., Bill Harris and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in our Cause No. 47,908 (trial court No. 72–2259) of possession of a narcotic drug, to-wit, marihuana, and in our No. 47,909 (trial court No. 72–2260) of possession of narcotic paraphernalia. He waived a jury and in a joint trial of the two cases he was found guilty and was assessed a punishment of five years in each case, sentences to run concurrently.

■ In his brief applicable alike to both cases, appellant contends that the evidence is insufficient to support the convictions.

Appellant, after being properly admonished as provided by Article 26.13, Vernon's Ann.C.C.P., plead guilty to each charge alleged in the two indictments. Thereupon the State placed in evidence written stipulations signed by the State, defense counsel, and appellant and verified by appellant. These stipulations included judicial confessions to all of the allegations charged in each of the indictments, which were sufficient to sustain the convictions. McNeese v. State, Tex.Cr.App., 468 S.W.2d 801; Johnson v. State, Tex.Cr.App., 478 S.W.2d 954. They also included waivers of confrontation and cross-examination of witnesses. Under the stipulations, the State introduced, without objections, written reports of police officers amply sufficient to prove possession by appellant of over one pound of marihuana, and of the narcotic paraphernalia. Appellant's ground of error is overruled.

■ We are next met with the problem of whether, under the facts shown by the record, the doctrines of double jeopardy and carving are applicable. The State's evidence, including the written reports of the arresting officers, disclosed that the marihuana and the narcotic paraphernalia were seized by the officers in the same search of appellant's apartment under a single search warrant. The indictments allege the same date for the commission of both offenses, both violations of the same statute, Article 725b, Vernon's Ann.P.C. The two convictions were had in the same court, on the same day, before the same judge, and were based on the same evidence.

Although the pleas of double jeopardy, and carving, were not raised in the trial court or in this court, they involve a violation of both the State and Federal Constitutions, and under the above stated facts require our review "in the interest of justice." See Art. 40.09, § 13, V.A.C.C.P.; Duckett v. State, Tex.Cr.App., 454 S.W.2d 755; Price v. State, Tex.Cr.App., 475 S. W.2d 742. Cf. Shaffer v. State, Tex.Cr. App., 477 S.W.2d 873.

From the above, we have concluded that the two charges constitute but one offense, and that the doctrine of carving is applicable. Thompson v. State, Tex.Cr.App., 495 S.W.2d 221; Hancock v. State, Tex.Cr. App., 495 S.W.2d 222; Jones v. State, Tex.Cr.App., 482 S.W.2d 194; Price v. State, supra. The court erred, under the circumstances, in trying and allowing two convictions of appellant arising out of the single transaction.

Although the two cases were tried simultaneously, the trial court announced his judgment of conviction in the case charging possession of marihuana prior to doing so in the paraphernalia case. Also, appellant was sentenced in the marihuana case (our No. 47,908) before being sentenced in the case of the narcotic paraphernalia (our No. 47,909).

The conviction for unlawful possession of marihuana in Cause No. 47,908 is affirmed. The conviction for unlawful pos-

session of narcotic paraphernalia is reversed, and the prosecution is ordered dismissed. Jones v. State, supra; Price v. State, supra.

Opinion approved by the Court.