**Willard Franklin CHEESEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49585.**

Court of Criminal Appeals of Texas.

March 26, 1975.

Michael R. Gibson, El Paso, for appellant.

George Rodriquez, Jr., County Atty., Michael McDonald, Asst. County Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ARCHIE BROWN, Commissioner.

Appellant was convicted of distributing obscene matter and his punishment was assessed by the jury at a fine of $1,000.00 and six (6) months in jail, with the jail term to be probated.

On the 3rd day of October, 1973, William Long, a police officer attached to the vice squad of the El Paso Police Department, entered an adult book store located in El Paso. After looking around for some time, he selected two items, a reel of film in a box and a magazine. He took

these items to the cash register where appellant was on duty and tendered them to appellant together with sufficient money to cover the total price of the two items. Appellant placed both items in a paper bag and rang up the purchase on the cash register. Long then left the store with his purchases. The county attorney subsequently filed a complaint and information in two cases, one for the distribution of the reel of film and the other for the distribution of the magazine. Appellant was first tried for the distribution of the film and was acquitted. Although the jury found the film to be obscene the appellant was found not guilty of the knowing distribution, apparently because of a lack of proof that he had actual knowledge of the contents of the film.

Upon the trial of the second case, involving the magazine, appellant urged his plea of former jeopardy on the ground that both charges grew out of the same transaction. His plea was overruled. This action is the basis of his first ground of error.

The fact that the two obscene items were a film and a magazine are not determinative of this issue. Thompson v. State, Tex.Cr.App., 495 S.W.2d 221 (possession of narcotic paraphernalia and possession of heroin, both growing out of the same transaction), and Hancock v. State, Tex. Cr.App., 495 S.W.2d 222 (possession of marihuana and narcotic paraphernalia growing out of the same transaction).

The plea of former acquittal should have been sustained. Compare Turner v. State, Tex.Cr.App., 518 S.W.2d 243.

Further, Article 527, Sec. 8(A), Vernon's Ann.P.C., provides as follows in connection with Sec. 3 (distribution of obscene material) :

"Every person who violates Section 3 is punishable by a fine of not more than $1,000 plus $5 for each additional unit of material coming within the provisions of this Act, which is involved in the offense . . . ."

Clearly, under the terms of the above statute, where more than one item of obscene material is distributed in one transaction, the additional items can only affect the penalty to be imposed.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.