**Ex parte Robert Gonzales SANTILLAN.**

**No. 51404.**

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding pursuant to Article 11.07, V.A.C.C.P.

Petitioner contends that one of two prior convictions should be set aside as void. He alleges that the conviction for possession of heroin and for possession of narcotic paraphernalia arose out of the same transaction.

The trial court made the following findings of fact and conclusions of law:

1. On May 24, 1971, petitioner pleaded guilty to Cause No. 71–708–A for the possession of a narcotic drug and to Cause No. 71–709 for possession of narcotic paraphernalia.

2. Both offenses were alleged to have been committed on February 6, 1971.

3. Both offenses arose from the same transaction and same set of circumstances, the judicial determination of one foreclosing the determination of the other.

4. The State of Texas made no selection as to which offense to pursue.

5. Petitioner was sentenced to serve eight years for each cause. Sentences for both were to run concurrently.

6. Neither conviction has been set aside.

7. The relief should be granted and the conviction for possession of narcotics paraphernalia should be set aside.

■ This Court has held that the possession of narcotics and the possession of narcotics paraphernalia which was a part of the same transaction constituted only one offense and the State could obtain only one conviction out of that transaction. *Thompson v. State*, 495 S.W.2d 221 (Tex.Cr.App. 1973); *Hancock v. State*, 495 S.W.2d 222 (Tex.Cr.App.1973); *Harris v. State*, 499 S.W.2d 139 (Tex.Cr.App.1973); *Ellis v. State*, 502 S.W.2d 146 (Tex.Cr.App.1973); *Cheeseman v. State*, 520 S.W.2d 382 (Tex. Cr.App.1975). Where two such convictions have been had out of such a transaction, the matter may be raised for the first time in a post-conviction habeas corpus proceeding. *Ex parte Evans*, 530 S.W.2d 589 (Tex.Cr. App.1975).

■ The sentences were to run concurrently, and even though it will make little or no practical difference, one of the two prior convictions must be set aside. The charge of possession of heroin bears the earlier cause number and, presumably, is the one to which the petitioner first, and validly, pled guilty. Following the reasoning of *Ex parte Calderon*, 508 S.W.2d 360

(Tex.Cr.App.1974), the possession of heroin conviction will not be disturbed. The conviction for the possession of narcotics paraphernalia is set aside.[1]

1. A copy of this opinion will be furnished to the Texas Department of Corrections.