**Ex parte Julian B. RODRIGUEZ.**

**No. 56558.**

Court of Criminal Appeals of Texas.
Panel No. 2.
Jan. 11, 1978.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ONION, Presiding Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner is presently serving a life sentence for a conviction in Cause No. 74–CR–2636, from the 186th District Court of Bexar County, for the offense of burglary of a habitation, with two prior convictions alleged and proved for enhancement under V.T.C.A., Penal Code, § 12.42(d). Petitioner was formally sentenced to a mandatory life term of imprisonment as an habitual criminal in this case on December 18, 1975, and a direct appeal resulted from a conviction being affirmed by a per curiam opinion.

Petitioner has filed an application for writ of habeas corpus with the trial court, contending that one of the prior convictions alleged for enhancement is void, due to a violation of the carving doctrine. Petitioner therefore contends that his life sentence as an habitual criminal is void. In view of the rather complicated factual situation, a brief historical summary of this case is in order, to-wit:

1. On February 25, 1969, petitioner entered a plea of guilty in Cause No. 68–1123 to the offense of possession of heroin and was sentenced on that date to serve nine years' imprisonment.

2. Also, on February 25, 1969, but subsequent to the above-mentioned trial, petitioner entered another plea of guilty to the court in Cause No. 68–1124 for the offense of possession of narcotic paraphernalia, with the pun-

ishment being assessed in this case at six years.

3. Notices of appeal were given in both of these cases, and both appeals were affirmed in *Rodriguez v. State,* 449 S.W.2d 469 (Tex.Cr.App.1970), and *Rodriguez v. State,* 449 S.W.2d 470 (Tex.Cr.App.1970), respectively.

4. Petitioner was subsequently indicted for the offense of burglary of a habitation on November 13, 1974, in Cause No. 74–CR–2636, with one of the two prior convictions alleged for enhancement being the above-mentioned prior conviction in Cause No. 68–1123, the conviction for possession of heroin. The other prior conviction alleged was a possession of heroin conviction in 1956.

5. On a jury trial the prosecution for burglary of a habitation the jury found that petitioner was guilty, and the evidence was presented to the court on the issue of punishment. The trial court considered the evidence presented, found both prior convictions to be true, and assessed petitioner's punishment at life as an habitual criminal. See § 12.42(d), supra. An appeal of this conviction was affirmed in our per curiam opinion No. 53,187, 549 S.W.2d 208 (1977).

Petitioner filed his application for writ of habeas corpus in the trial court, contending that the prior conviction in Cause No. 68–1123 was void since this conviction was obtained in violation of the carving doctrine, and that petitioner was subjected to double jeopardy since both the possession of heroin charge and the possession of narcotic paraphernalia charge arose at the same time, at the same place, and out of the same operative set of facts.

■ If petitioner's version of the facts is correct, he may be entitled to relief from one of these convictions. This court has continually held that the possession of two different substances, or instruments, both classified as narcotic drugs or paraphernalia under Article 725b, § 2(a), V.A.P.C. (1925),

can result in but one prosecution, as the State may carve only one offense out of a simultaneous possession of a narcotic drug and narcotic paraphernalia. See *Rice v. State*, 548 S.W.2d 725 (Tex.Cr.App.1977); *Ex parte Adams*, 541 S.W.2d 440 (Tex.Cr. App.1976); *Jones v. State*, 482 S.W.2d 194 (Tex.Cr.App.1972); *Ellis v. State*, 502 S.W.2d 146 (Tex.Cr.App.1973); *Ex parte Santillan*, 532 S.W.2d 638 (Tex.Cr.App. 1976); *Thompson v. State*, 495 S.W.2d 221 (Tex.Cr.App.1973); *Harris v. State*, 499 S.W.2d 139 (Tex.Cr.App.1973).

■ The trial court entered findings of fact and conclusions of law to the following effect, to-wit:

"While it is true that Petitioner's possession of heroin and narcotic paraphernalia occurred at the same point in time, they nevertheless constituted separate criminal offenses, the elements of which are not the same. Therefore, Petitioner's conviction for possession of heroin did not act to collaterally estop his conviction for possession of narcotic paraphernalia."

We must agree with the trial court's *findings of fact* that both the offenses of possession of heroin and possession of narcotic paraphernalia arose out of the same transaction. A review of the appellate records in our Cause Nos. 42,558–42,559 [1] clearly reflects that a search warrant was executed against petitioner's premises, and that he was arrested and charged with both of these possessory offenses at the same time on September 5, 1968. It is clear, therefore, that the dual· prosecutions in Cause Nos. 68–1123 and 68–1124 should not have been permitted, as this prosecution was in violation of the doctrine of carving. See *Ex parte Santillan*, supra; *Ellis v. State*, supra.

■ While we agree with petitioner's statement of the law in this case, we note that the appellate records in our Cause Nos. 42,558–42,559 clearly reflect that the possession of heroin case in Cause No. 68–1123 occurred first, and that subsequently, the guilty plea in Cause No. 68,1124 for the possession of narcotic paraphernalia charge was accepted. The statement of facts of the trials reflects this, even without having to indulge in the normal presumption that the lower trial court cause number was tried first. Compare *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App.1974). Therefore, we agree that the doctrine of carving has been violated, but that the conviction which must be vacated and dismissed is the prior conviction in Cause No. 68–1124, the conviction for possession of narcotic paraphernalia. The conviction for possession of heroin, being obtained first, remains valid and therefore is properly used for enhancement of petitioner's life sentence.[2]

Petitioner is entitled to only partial relief, and the writ of habeas corpus is granted to the extent that the prior conviction in Cause No. 68–1124 should be reversed and dismissed;[3] however the contention alleged in petitioner's application for writ of habeas corpus challenging the validity of the life sentence in Cause No. 74–CR–2636 is hereby denied.

**1.** This court has the authority to take judicial notice of its own records to determine the evidence in such cases. See *Salinas v. State*, 542 S.W.2d 864 (Tex.Cr.App.1976); *Ex parte Flores*, 537 S.W.2d 458 (Tex.Cr.App.1976).

**2.** Due to the disposition of this case, there is no need to reach the question of whether petitioner waived his challenge to the validity of a life sentence by not objecting to the use of the invalid prior conviction during his 1975 trial. Cf. *Ex parte Casarez*, 508 S.W.2d 620 (Tex.Cr. App.1974).

**3.** There is a possibility that the use of this prior conviction may have collateral consequences as to petitioner's parole eligibility; therefore, it should be rendered null and void. See *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App.1977).