**Stephen Gustave HONC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–84–289–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 19, 1985.

Rehearing Denied Oct. 10, 1985.

Curtis Bonner, Harlingen, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Appellant pled nolo contendere to an indictment charging him with sexual assault, indecency with a child, and injury to a child. The trial court assessed punishment at ten years in the Texas Department of Corrections. We reverse and remand in part and remand for the reassessment of punishment in part.

At the outset, we direct the attention of the State's attorney and the trial court to the recent cases of *Drake v. State*, 686 S.W.2d 935 (Tex.Crim.App.1985); *Ex parte Siller*, 686 S.W.2d 617 (Tex.Crim.App. 1985); and *McIntire v. State*, 662 S.W.2d 65 (Tex.App.—Corpus Christi, 1983), *aff'd in part, rev'd in part* (Tex.Crim.App. June 26, 1985). The problems inflicting this case and ultimately causing a remand have their genesis in the indictment which alleged three separate offenses which allegedly occurred during a fourteen month period. Had these offenses been charged in three separate indictments, or had the trial court not lumped these three offenses into one conviction, we would have been able to affirm the indecency and injury to a child convictions.

■ To fully understand the problems involved in this appeal, we must begin with the charging instrument. The indictment alleged that appellant committed sexual assault on December 19, 1982, indecency with a child on December 17, 1983, and injury to a child on January 10, 1984. Unfortunately for the State, sexual assault did not become an offense in Texas until September 1, 1983. TEX.PENAL CODE ANN. § 22.-011 (Vernon Supp.1985). Before September 1, 1983, penetrating a child's vagina with a hand, (the conduct supporting the sexual assault charge) would have constituted indecency with a child or sexual abuse of a child if the conduct was intended to arouse or gratify sexual desires. The indictment here did not allege that appellant acted with this requisite intent and therefore the conduct alleged was not a crime until September 1, 1983 when the "intent to arouse or gratify the sexual desire" element was eliminated and sexual assault became an offense.

The State appears to concede in its appellate brief that appellant was convicted for conduct which occurred before the effective date of the new sexual assault section; it concludes its brief with the prayer that this Court "should consider count one as being null and void and should, therefore, proceed to the two other counts not prejudiced by the disposition as to the 1st count." We agree with the State that the judgment regarding count one must be reversed. An objective review of the appellant's written guilty plea and the trial court's judgment reflects that appellant was convicted for conduct which occurred on December 19, 1982. As noted below, however, the evidence shows that a sexual assault also occurred in December 1983, when sexual assault was an offense, and would have supported the conviction had the trial court not explicitly found the offense to have occurred on December 19, 1982. Since both parties, and the trial court through its judgment, all seem to agree that appellant was convicted for conduct that was not an offense at the time it occurred, appellant's eighth ground of error is sustained and the judgment of conviction for sexual assault is reversed and the cause remanded to the trial court.

■ We now turn to appellant's other grounds of error. In appellant's first ground of error, he asserts that the evidence is insufficient to prove that appellant penetrated S.H.'s vagina with his hand on December 19, 1982. The indictment alleges that appellant did, on or about December 19, 1982, "intentionally and knowingly cause the penetration of the vagina of S.H., a child younger than seventeen years of age and not the spouse of the defendant, by means of the defendant's hand." As noted above, the crime for which appellant was charged, sexual assault, was not an offense on December 19, 1982, the alleged date of the offense. However, the State is not bound by the date alleged in the indictment so long as the date proved is anterior

to the State's pleadings and is not so remote as not to show the offense is barred by the statute of limitations. *Clark v. State*, 590 S.W.2d 512 (Tex.Crim.App.1979). The appellant was indicted on March 15, 1984. The proof included in the record through stipulated testimony shows that in December 1983, appellant took off the child's shorts and underwear and used his hands to open her vagina so that he could perform oral sex upon her. She also testified, by affidavit, that in early December 1983, appellant, her step father, drove her to a dirt road where he removed her clothing and forced his finger into her vagina. Both of these incidents occurred before the indictment was presented. The evidence is sufficient to support the allegations in count one of the indictment. Appellant's first ground of error is overruled.

■ Appellant claims in his second ground of error that count one of the indictment is fatally defective because it fails to include the essential element of "the intent to arouse or gratify the sexual desire of any person." Appellant asserts that count one of the indictment charges the offense of indecency with a child under TEX.PEN.CODE ANN. § 21.11 (Vernon Supp.1985). Under this section, specific intent to arouse or gratify the sexual desire of any person is an essential element. *Turner v. State*, 600 S.W.2d 927 (Tex.Crim. App.1980). This intent may be inferred from all circumstances surrounding the crime, including a defendant's remarks and his conduct. *McKenzie v. State*, 617 S.W.2d 211 (Tex.Crim.App.1981). However, appellant was charged and convicted under the first count of the indictment with sexual assault under TEX.PEN.CODE ANN. § 22.011. Under this section, specific intent to arouse or gratify the sexual desire of another is not an essential element of that specific crime. Therefore, the indictment as to count one is not fatally defective for failure to include specific intent to arouse or gratify the sexual desire of another as an essential element. Under § 22.011, a defendant must commit the act intentionally or knowingly. This mental

state was alleged in the indictment. Appellant's second ground of error is overruled.

■ Appellant claims in his third ground of error that there is no evidence to prove that appellant acted with the intent to arouse and gratify his sexual desire by engaging in sexual contact with a child by touching the breast of S.H. on December 17, 1983. As we have said, the requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211 (Tex. Crim.App.1981). The testimony, stipulated to by all parties, included a written statement of S.H. in which she testified that on December 17, 1983, her stepfather unbuttoned her blouse and touched her breasts for approximately ten minutes. She claimed that on this occasion appellant told her to come over to him while she was in the garage folding towels. The stipulated evidence is sufficient to prove the second allegation of the indictment. Appellant's third ground of error is overruled.

■ In appellant's fourth ground of error he complains that he was unjustly convicted because the evidence shows that the victim was fourteen years old on the date of the alleged offense and TEX.PENAL CODE ANN. § 21.11(b) allows as a defense to prosecution that such conduct occurs with a child fourteen years or older. TEX. PENAL CODE ANN. § 21.11(b) states:

It is a defense to prosecution under this section that the child was at the time of the alleged offense fourteen years or older *and* [Emphasis ours] had, prior to the time of the alleged offense, engaged promiscuously in:

(1) sexual intercourse
(2) deviate sexual intercourse
(3) sexual contact; or
(4) indecent exposure as defined in Subsection (a)(2) of this section.

There is absolutely no evidence of record that appellant attempted to establish this defense, nor was there any evidence in the record that could raise such a defense. Ap-

pellant's fourth ground of error is overruled.

In appellant's fifth ground of error he asserts that there is no evidence to prove that appellant caused bodily injury to the child by beating her upon the buttocks and thighs with a leather belt. TEX.PEN. CODE ANN. § 22.04 charges the offense of injury to a child or elderly person as follows:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is fourteen years of age or younger or to an individual who is sixty-five years of age or older:

(1) serious bodily injury;

(2) serious physical or mental deficiency or impairment;

(3) disfigurement or deformity; or

(4) bodily injury.

■ Variance between pleadings and proof may necessitate a reversal of a conviction. *Seiffert v. State*, 501 S.W.2d 124 (Tex.Crim.App.1973). However, unnecessary words or allegations in an indictment may be considered surplusage if they are not descriptive of that which is legally essential to the validity of the indictment. *Franklin v. State*, 659 S.W.2d 831 (Tex. Crim.App.1983). Where an unnecessary description of that which is legally essential to charge a crime is included in an indictment, it must be proven though unnecessarily stated. *Id.* at 833. The stipulated evidence includes the statement of the victim in which she testified that the appellant hit her on January 9, 1984 for eating candy and hit her on January 10, 1984 for wearing some clothing her mother had given her for Christmas. She testified that she had bruises on her legs and buttocks as a result. The record also contains the statement of Arlene Binder, a counselor at the Junior High School that the victim attended. She testified that on January 11, 1984, S.H. came to her office and told her that her stepfather (appellant) had been spanking her with a wide leather belt. She testified that she saw bruises on the child's buttocks and thighs. Photographs of the child were also admitted into evidence. We find the evidence sufficient to prove the allegation in the indictment that the victim was struck on the buttocks and thighs.

■ We now turn to whether it was necessary for the State to prove its allegation that the child was injured by being struck with a leather belt or whether the term leather belt was surplusage. The phrase "beating the child upon the buttocks and thighs with a leather belt" is descriptive of the means used in committing the injury to the child. The means used in committing an assault upon a child has been held an unnecessary allegation in an indictment. *See Anderson v. State*, 226 S.W. 414 (Tex.Crim.App.1920). The essential elements of a crime under TEX.PENAL CODE ANN. § 22.04 are that the individual intentionally, knowingly, recklessly or negligently engage in conduct that causes bodily injury to a child fourteen years of age or younger. These elements were sufficiently stated in the indictment. We find that the allegation that injury was done by beating the child with a leather belt was surplusage. *See Alston v. State*, 338 S.W.2d 723 (Tex.Crim.App.1960). As such, ground of error number five is overruled.

■ In grounds six and seven appellant claims that the imposition of the sentence upon appellant was unconstitutional because there was no evidence to support it and that the sentence was disproportionate and arbitrary. We have previously said that there was ample evidence to support the charges alleged in the indictment. The appellant was duly informed of the range of punishment before making his plea. We find that the judge was authorized to impose a ten year sentence. We do not find the judge's sentence to be arbitrary, cruel or unusual as argued by appellant. Appellant's sixth and seventh grounds of error are overruled.

■ As noted above, we sustain appellant's eighth ground of error. Since the trial court entered only one judgment and assessed punishment for all three offenses

at ten years, rather than assessing punishment for each offense at ten years and then ordering the sentences to run concurrently, we find that the trial court must now reassess punishment for the indecency to a child and injury to a child offenses. Because appellant pled guilty to these offenses and because the error only has an impact on the punishment assessed, the trial court is ordered only to reassess punishment for these offenses to which appellant has already pled guilty. Because a guilty plea waives all but jurisdictional error, *Christal v. State*, 692 S.W.2d 656 (Tex. Crim.App.1985), appellant will not be allowed to complain on remand about multiple convictions arising from one indictment. As noted in *Drake v. State*, 686 S.W.2d 935, 945 (Tex.Crim.App.1985), the "failure to demand an election or to protest conviction for each separate offense risked the very appellate finding of waiver made by the court of appeals."

For reasons stated above, the conviction for sexual assault is reversed and remanded. The convictions for indecency with a child and injury to a child are remanded for the reassessment of punishment only.