**Stephen Gustave HONC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1252–85.**

Court of Criminal Appeals of Texas, En Banc.

March 1, 1989.

---

Curtis Bonner, Harlingen, for appellant.

Benjamin Euresti, Jr., Dist. Atty., Ricardo Lara, Asst. Dist. Atty., Brownsville, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was charged in a single indictment with sexual assault, indecency with a child, and injury to a child. Appellant waived his right to a jury trial, pled nolo contendre without the benefit of a plea agreement, and was found guilty of each offense. Without specificity as to any particular offense, the trial court sentenced appellant to ten years' confinement in the Texas Department of Corrections.

On direct appeal, appellant's conviction for sexual assault was reversed and that cause remanded to the trial court. The convictions for indecency with a child and injury to a child were affirmed but the Court of Appeals ordered a remand of those causes to the trial court for reassessment of punishment. *Honc v. State*, 698 S.W.2d 218 (Tex.App.—Corpus Christi 1985).

We granted appellant's petition to review three issues as to whether there was: 1) error in allowing two convictions to result from one indictment; 2) error in holding that the failure to prove the specific allegation of "beating the child with a belt" was not at variance with the proof adduced at trial; and 3) error in finding the evidence sufficient to support a conviction for injury to a child.[1]

At the time of its writing, the Court of Appeals did not have the benefit of several recent decisions rendered by this Court. Rather, the Court of Appeals applied the law as stated in *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985).

In *Drake*, this Court determined that where an indictment charged more than one offense the failure by the defendant, at trial, to demand an election or to protest convictions for each seperate offense would risk a finding of waiver on appeal. Subsequent to *Drake*, however,

---

1. We now find that our decision to grant appellant's petition for discretionary review as to grounds two and three, *ante,* was improvident. Just as in cases where we refuse to grant petition for discretionary review, this Court's decision that such a petition was improvidently granted shall not be construed as approval by this Court of the language or reasoning used by the Court of Appeals in reaching its decision.

this Court again addressed the question of multiple convictions arising from single indictment. See *Fortune v. State,* 745 S.W. 2d 364 (Tex.Cr.App.1988); *Ponder v. State,* 745 S.W.2d 372 (Tex.Cr.App.1988); *Holcomb v. State,* 745 S.W.2d 903 (Tex.Cr.App. 1988). In these decisions we adhered to the doctrine of one conviction per indictment (except for property offenses). "Multiple convictions may not be had from a single indictment, regardless of whether the offenses arose out of the same or different transactions." *Fortune,* 745 S.W.2d at 369; cf. Article 1.14(b), V.A.C.C.P., as amended, and V.T.C.A. Penal Code, Section 3.01, as amended. Therefore, either the conviction for indecency with a child [2] or injury to a child [3] must be set aside.

■ We find that it is the Court of Appeals that should first make the determination as to which of the two convictions should be dismissed. After making that determination, the Court of Appeals should then remand the remaining conviction to the trial court for reassessment of punishment as we cannot say that the conviction on one count did not "exert on the court's discretion a distinct pressure toward a higher punishment" given the fact that the judge entered a single term sentence of ten years, non-specific as to each or any of the convictions. See *Hudgens v. State,* 709 S.W.2d 648 (Tex.Cr.App.1986) and *Ex parte Gibauitch,* 688 S.W.2d 868 (Tex.Cr.App. 1985) as cited in *Ex parte Broyles,* 759 S.W.2d 674, 676 (Tex.Cr.App.1988).

CAMPBELL, J., dissents for the reasons stated in his dissenting opinion in *Fortune v. State,* 745 S.W.2d 364 (Tex.Cr.App.1988).

CLINTON, Judge, concurring.

Finding that the court of appeals should first determine which of two surviving convictions must be dismissed, the majority still leaves that court without guidance in the premises.

In similar circumstances when this Court opted for a single conviction we used a variety of measures to ascertain and then uphold the first conviction, e,g., *Holcomb v. State,* 745 S.W.2d 903 (Tex.Cr.App.1988), and cases cited at 908; *McIntire v. State,* 698 S.W.2d 652 (Tex.Cr.App.1985), and cases cited at 655. That option is not immutable, however.

Usually the basic error in such cases is failure to require the State to elect the offense it would pursue to conviction and punishment. Given the general power and authority of the attorney for the State to make those kinds of decisions, it is appropriate to accord to the prosecuting attorney an opportunity to make known the option of the State.

The better forum in which to accomplish the ultimate objective of a remand in these circumstances is, in my judgment, the trial court. Because the opinion of the Court does not absolutely bar the court of appeals from taking that route, I concur in the judgment of the Court.

---

**2.** It should be noted that appellant did not allege in his petition to this Court any error in the Court of Appeals finding that the evidence as to this conviction was sufficient.

**3.** As a result of this Court's finding that appellant's petition, as the two grounds relating to this conviction, was improvidently granted, the result reached by the Court of Appeals on those issues stands.