Stephen Gustave HONC, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–84–289–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 11, 1990.

Rehearing Overruled Feb. 15, 1990.

Curtis Bonner, Bonner & Bonner, Harlingen, for appellant.

Ben Euresti, Jr., Co. Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

By one indictment, the State charged appellant, Stephen Gustave Honc, with 1) sexual assault, 2) indecency with a child, and 3) injury to a child. Appellant waived his right to a jury trial, pleaded nolo contendere without the benefit of a plea bargain, and was found guilty of each offense. Without specificity concerning any particular offense, the trial court assessed as punishment ten years' confinement in the Texas Department of Corrections.

In 1985, we reversed appellant's conviction for sexual assault and remanded the indecency and injury to a child convictions to the trial court for reassessment of punishment. *Honc v. State*, 698 S.W.2d 218 (Tex.Crim.App.1985). In deciding to remand the two latter causes, we relied on *Drake v. State*, 686 S.W.2d 935 (Tex.Crim. App.1985), which held that no reversible error occurs when a defendant fails to object at trial to misjoined multiple convictions arising from different transactions.

Not satisfied with our holding, appellant filed a petition for discretionary review. After he did this, *Drake* was overruled by *Fortune v. State*, 745 S.W.2d 364 (Tex. Crim.App.1988). *Fortune* held that a defendant was not required to object to the misjoinder. *See also Holcomb v. State*, 745 S.W.2d 903 (Tex.Crim.App.1988); *Ponder v. State*, 745 S.W.2d 372 (Tex.Crim. App.1988). After this change in the law, the Court of Criminal Appeals remanded appellant's case to this Court, instructing us to determine which of the two remaining convictions should be dismissed and which should be remanded to the trial court for reassessment of punishment. *Honc v. State*, 767 S.W.2d 787, 789 (Tex.Crim.App. 1989).

In *Callins v. State*, 780 S.W.2d 176 (Tex. Crim.App.1989), Judge Miller in his concurring opinion reviewed four different methods previously used by the Court to determine which misjoined conviction could be upheld in a multi-offense indictment. Un-

der these methods, the Court upheld the offense which:

1) the defendant was first convicted;
2) had the lowest cause number;
3) had more proof; or
4) was alleged first in the indictment.

Judge Miller also noted that the Court had also disposed of cases without stating a reason. Thus, it is apparent that a variety of approaches have been used by the Court of Criminal Appeals to remedy an error of misjoinder where the defendant did not object at trial. As Judge Miller noted, not all methods work well in every case. We will, however, address each method under the facts of the case.

With respect to the first method, the record shows that appellant pled nolo contendere simultaneously to all three offenses alleged in the indictment. Thus, it is not possible to say that appellant was convicted of one offense before another.

With respect to the second method, the record shows that all three offenses were alleged under the same cause number. Thus, this method is not useful in resolving the present case.

With respect to the third method, the record shows that appellant pled nolo contendere to each offense. The State introduced evidence supporting each conviction. While it is difficult for an appellate court to determine which offense was based on "more proof," it is apparent from our original opinion that appellant believed the evidence was insufficient to support the injury to a child and sexual assault convictions because he brought points of error challenging both on sufficiency grounds. Appellant did not contest the sufficiency of the evidence in the indecency with a child conviction. Under this method, we would uphold the indecency conviction.

With respect to the fourth method, the record shows that appellant was indicted first for sexual assault, next for indecency, and finally for injury to a child. Since we have already found that the sexual assault conviction cannot be upheld, *see Honc*, 698 S.W.2d at 220, the next valid paragraph in the indictment alleged indecency. Under this method, we would uphold the indecency conviction.

Thus, two of the methods are not helpful and two indicate that the indecency conviction should be upheld. Therefore, we will uphold the indecency with a child conviction and dismiss the injury to a child conviction. Since we have already found that the sexual assault conviction must be reversed, that conviction will also be dismissed.

Accordingly, appellant's convictions for sexual assault and injury to a child are reversed and dismissed. Appellant's conviction for indecency with a child is upheld. However, as noted in our opinion on original submission, because punishment was not specifically assessed for this offense, the judgment of conviction for indecency with a child is REVERSED and the cause REMANDED to the trial court for reassessment of punishment for this offense.