**Charles Earl OWENS, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–051–CR.**

Court of Appeals of Texas,
Fort Worth.

April 13, 1993.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Chuck Mallin, Asst. Chiefs of Appellate Section, John A. Stride, David Escobar, Cynthia Jordan, Asst. Dist. Attys., Fort Worth, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Appellant, Charles Earl Owens, Jr., was convicted by a jury of indecency with a child. The trial court sentenced him to thirty years in the Institutional Division of the Texas Department of Criminal Justice. Owens appeals the punishment assessed against him.

We affirm.

The controversy in this appeal centers around an enhancement paragraph in the indictment which alleges that Owens was previously convicted of the felony "SEXUAL ABUSE–CHILD" in cause number 11880. Owens did not enter a plea to this enhancement allegation. As proof of the enhancement paragraph, the State offered the pen packet for cause number 11880.

Owens objected to the introduction of the pen packet, claiming that the prior conviction was void because it was a general conviction to an indictment with four counts. The first three counts in that indictment charge Owens with sexually abusing a child on August 5, 1977 (each count names a different victim). The fourth count charges Owens with sexually abusing another child on August 1, 1977. The judgment for the prior conviction states that the "OFFENSE" of "SEXUAL ABUSE–CHILD" occurred on "AUGUST 5th, 1977 and AUGUST 1st, 1977" for "COUNTS ONE, TWO, THREE AND FOUR." When Owens objected to the multiple conviction, the State effectively elected to proceed only on one offense. The trial court admitted the entire pen packet into evidence with the limitation that it would only consider one prior felony conviction.

Owens brings two points of error. He argues that his sentence is excessive because the trial court failed to find true the State's enhancement allegation of a prior conviction. We overrule this point of error. The judgment reflects that the trial court found "ONE PRIOR FELONY CONVICTION" from the enhancement allegations.

In Owens' second point of error, he argues that the trial court erroneously admitted the prior conviction into evidence because it was void and, because no other evidence supports the enhancement allegation, the sentence is excessive. We hold that, while the conviction is erroneous because it is for more than one offense, it is not entirely void, and the trial court properly admitted the enhancement evidence with the limitation that it would only consider one prior felony conviction.

The State must present evidence which supports the enhancement allegations contained in an indictment because "[i]f the proof fails to correspond with the enhancement allegations the punishment cannot be legally enhanced." *Cole v. State,* 611 S.W.2d 79, 80 (Tex.Crim.App. [Panel Op.] 1981) (quoting *Hollins v. State,* 571 S.W.2d 873 (Tex.Crim.App.1978)). The State may meet this burden by introducing authorized copies of the Texas Department of Corrections records, including the judgment and sentence. *Beck v. State,* 719

S.W.2d 205, 209 (Tex.Crim.App.1986). The State must also present evidence that the defendant is the person previously convicted. *Id.* at 210. Once the State introduces this evidence, the burden shifts to the defendant to prove the invalidity of the prior conviction. *Clifton v. State,* 755 S.W.2d 556, 562 (Tex.App.—Fort Worth 1988, no pet.).

Here, the pen packet contains the authorized copies of the Texas Department of Corrections records for cause number 11880, including: photographs, fingerprints, the judgment, and the sentence. Owens stipulated that the pen packet contains his photograph and fingerprints. Thus, the State met its burden to produce evidence of the prior conviction and connected it to Owens. Owens contests the validity of the prior conviction by arguing that it is void because it violates the carving doctrine and TEX.CODE CRIM.PROC.ANN. art. 21.24 (Vernon 1989).

■ The carving doctrine is the rule that a prosecutor can "carve as large an offense out of a single transaction as he can, yet he must cut only once." *Ex parte Cantrell,* 580 S.W.2d 369, 370 n. 1 (Tex.Crim.App. [Panel Op.] 1979) (citing *Quitzow v. State,* 1 Tex.Ct.App. 47, 53–57 (1876)). The court of criminal appeals identified two tests for the application of this doctrine:

> Initially, carving was applied when the two offenses charged contained common material elements or when the two offenses required the same evidence to convict. [Citations omitted]. This Court added the 'continuous act or transaction' test in *Paschal v. State,* 49 Tex.Cr.R. 111, 90 S.W. 878 (1905). Since that time the 'same evidence' and the 'continuous assaultive transaction' tests have been randomly applied.

*Ex parte McWilliams,* 634 S.W.2d 815, 823 (Tex.Crim.App.) (opinion on reh'g), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982); *Clay v. Lynaugh,* 770

S.W.2d 800, 801 (Tex.Crim.App.1989) (per curiam). This doctrine was abolished in 1982, in favor of the *Blockburger* double jeopardy test. *Ex parte McWilliams,* 634 S.W.2d at 822, 824; *see Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). But Owens' prior conviction was obtained in 1978, so the carving doctrine is applicable to his prior conviction. *Clay,* 770 S.W.2d at 800.

■ At the time of Owens' prior conviction, article 21.24 stood for the rule that multiple convictions for non-property offenses could not be had upon a single indictment, regardless of whether they arose out of the same or different transaction. *Fortune v. State,* 745 S.W.2d 364, 369–70 (Tex.Crim.App.1988). For the purposes of this appeal, the carving doctrine and article 21.24 form the rule that any conviction obtained in excess of one offense per indictment violates the laws of this State.[1]

The State argues that the prior conviction was obtained only for the first offense because the fingerprint page shows that the crime Owens committed was "Sex Abuse-child (1)(2 to 9½)." But this does not change the fact that the judgment lists Owens' offenses as counts one, two, three, and four. We agree with Owens that the judgment recites a conviction for each of the offenses charged in the indictment and violates the one offense per indictment rule. The judgment was never reformed; thus, it still violates the rule.

Owens argues that only the court of criminal appeals can correct and reform the final misjoined convictions and until it does so none of the convictions can be used for enhancement purposes. This argument raises two questions of first impression. First, can only the court of criminal appeals correct misjoined convictions when the defendant first questions their validity in a post-conviction collateral attack? If so, did the trial court erroneously consider evi-

---

**1.** For a more comprehensive review of the carving doctrine, its subsequent abolishment, and its interaction with article 21.24 *see* John M. Schmolesky, *Time Changes: Growing Complexity in Texas Sentencing Law,* 30 S.TEX.L.REV. 283 (1989); L. Timothy Perrin, *Joinder of Of-* *fenses Under Article 21.24 of the Texas Code of Criminal Procedure: A Return to the Common Law?,* 17 TEX.TECH L.REV. 949 (1986); C. Richard Baker, *One Transaction–One Conviction the Texas Doctrine of Carving,* 25 BAYLOR L.REV. 623 (1973).

dence of one of the prior felony convictions for enhancement purposes?

■ We hold that while a violation of the one offense per indictment rule is fundamental error and does not have to be preserved for post-conviction collateral attack, only the court of criminal appeals has the jurisdiction to correct it at this late stage in the proceedings. But only the convictions which are in excess of one offense per indictment are void; thus, appellant has one prior felony conviction for sexual abuse of a child. For this reason, we hold that the trial court did not err when it considered one prior felony conviction for enhancement purposes.

The violation of the one offense per indictment rule is reviewable in a post-conviction collateral attack. The court of criminal appeals has repeatedly stated that, while courts will not raise this error sua sponte, it is fundamental error. *Wimberley v. State*, 94 Tex.Crim. 1, 249 S.W. 497, 497 (1923). Such fundamental error "calls for review when raised at almost any time." *Id.* For the same reason, "objection to such convictions should be permitted at any time, with no trial objection requirement." *Fortune*, 745 S.W.2d at 370; *accord Holcomb v. State*, 745 S.W.2d 903, 908 (Tex.Crim.App.1988).

One reason this error is fundamental and calls for review at any time is the possibility that the use of the prior conviction may have collateral consequences for a criminal defendant. *Ex parte Rodriguez*, 560 S.W.2d 94, 96 (Tex.Crim.App. [Panel Op.] 1978). Those collateral consequences are well demonstrated in this case, where a prior conviction enhanced the length of Owens' sentence.

■ A defendant can challenge this fundamental error in a variety of ways and in several different courts. *Fortune*, 745 S.W.2d at 368; *accord Holcomb*, 745 S.W.2d at 906. At trial, a defendant can object to the charging instrument on the ground that the State misjoined the offenses. *Fortune*, 745 S.W.2d at 368. Another option for a defendant at trial is to file a motion to request that the State elect the count on which it wishes to proceed.

*Id.* If a defendant fails to do either of these, the error can be urged for the first time on appeal and the appellate court must determine which conviction to uphold. *Id.; Honc v. State*, 767 S.W.2d 787, 789 (Tex.Crim.App.1989). A defendant can urge the error for the first time in a post-conviction writ of habeas corpus, as Owens has noted. TEX.CODE CRIM.PROC.ANN. art. 11.07 (Vernon 1977 & Supp.1993); *Ex parte Cantrell*, 580 S.W.2d at 370. And a defendant can even urge the error in a writ of habeas corpus after a subsequent conviction where the prior conviction was used for enhancement purposes. *See Ex parte Rodriguez*, 560 S.W.2d at 96.

■ But this does not lead to the conclusion that the trial court or this court has the power to reform the prior conviction in a post-conviction collateral attack. We agree with Owens that only the court of criminal appeals has such power. TEX. CODE CRIM.PROC.ANN. art. 11.07; *See* TEX. CODE CRIM.PROC.ANN. art. 4.03 (Vernon 1977), art. 4.05 (Vernon Supp.1993) (enunciating district court and appellate court jurisdiction); TEX.CONST. art. V, § 6 (giving appellate courts jurisdiction over direct appeals). Even so, the trial court did not err in considering only one prior felony conviction for sexual abuse of a child before the court of criminal appeals had the opportunity to reverse and dismiss the convictions obtained in excess of the rule.

The trial court did not err in considering one of the prior felony convictions because one such conviction is not void. The remedy for misjoined convictions is to uphold one of the convictions. *Ex parte Pena*, 820 S.W.2d 806, 808–09 (Tex.Crim.App.1991); *Leal v. State*, 782 S.W.2d 844, 847 (Tex. Crim.App.1989); *Holcomb*, 745 S.W.2d at 908. Recently, the court of criminal appeals stated:

> [A]pplicant prays that each of his convictions be vacated. According to our case law, however, that relief is inappropriate and one of the convictions for the misjoined offenses will be upheld.

*Ex parte Pena*, 820 S.W.2d at 808–09 (upholding the "most serious offense"). Thus,

only convictions obtained in excess of the one offense per indictment rule are void. *Fortune*, 745 S.W.2d at 370.

The second reason the trial court did not err is that each offense in the prior case was for the felony of sexual abuse of a child. Regardless of which convictions might one day be reversed and dismissed by the court of criminal appeals, should appellant pursue such a remedy, he will still have one valid felony conviction for sexual abuse of a child in cause number 11880. Because he has one prior felony conviction for sexual abuse of a child, we disagree with appellant that the trial court cannot consider it for enhancement purposes until he requests the court of criminal appeals to reverse and dismiss the other felony convictions for sexual abuse of a child.

■  Although we uphold the trial court's consideration of one prior felony offense, we must reverse and remand the sentence obtained in this case for a new punishment hearing if we determine that any of the void convictions exerted "on the court's discretion a distinct pressure toward a higher punishment." *Honc*, 767 S.W.2d at 789. Conversely, if the trial court did not consider any void convictions we should not remand for a new punishment hearing. *See Ex parte Rodriguez*, 560 S.W.2d at 96.

The record and the judgment affirmatively reflect that the trial court only considered one prior felony conviction. It did not consider convictions obtained in excess of the one offense per indictment rule; thus, it did not consider any void conviction which exerted upon it a distinct pressure toward a higher sentence. For this reason, we do not reverse and remand for a new punishment hearing. Owens' second point of error is overruled.

The judgment in this case is affirmed.