

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,609-01

### EX PARTE DANIEL WILLIAM MOHLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-3-W011455-1345064-A IN THE CRIMINAL DISTRICT COURT NO. 3
### FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was originally charged by indictment with one count of continuous sexual abuse of a young child, two counts of aggravated sexual assault of a child, and two counts of indecency with a child by contact. Before the case was submitted to the jury, the State abandoned all counts except the continuous sexual abuse count, but requested that the offenses that had been charged in each of the abandoned counts be submitted as lesser-included offenses. Trial counsel objected to the proposed charge in that it would allow the jury to find Applicant guilty of multiple lesser-included offenses arising from the single count of

continuous sexual abuse. The trial court overruled all such objections. The jury found that Applicant was not guilty of continuous sexual abuse and not guilty of aggravated sexual assault, but was guilty of two counts of indecency with a child by contact. The trial court ordered that the six-year sentences assessed by the jury for each count run consecutively.

On direct appeal, Applicant argued among other things that his conviction of the two lesser-included offenses violated the constitutional prohibition on double jeopardy. The court of appeals rejected these claims and affirmed his conviction, but noted in a footnote that Article 21.24 of the Texas Code of Criminal Procedure has been held to prohibit multiple convictions arising from a single count of an indictment, citing *Shavers v. State*, 881 S.W.2d 67, 73-75 (Tex. App. — Dallas 1994, no pet.), and *Owens v. State*, 851 S.W.2d 398, 401 (Tex. App. — Fort Worth 1993, no pet.). *Mohler v. State,* No. 02-15-00024-CR (Tex. App. — Fort Worth Sept. 29, 2016) (not designated for publication). The court of appeals, however, declined to raise this issue *sua sponte*.

Applicant filed a motion for rehearing in which he did raise this specific claim, but the court of appeals denied rehearing without written opinion. This Court refused Applicant's petition for discretionary review.

Applicant contends, among other things,[1] that his appellate counsel rendered ineffective assistance because appellate counsel did not argue, on original submission, that multiple convictions could not be obtained from a single count of the indictment. Appellate counsel has submitted an affidavit in which he concedes that he erred in failing to raise this issue on original submission, and that Applicant was prejudiced because he is currently serving consecutive sentences for the two convictions when there should only have been one conviction.

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

We hold that appellate counsel's performance was deficient and that counsel's deficient performance prejudiced Applicant. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 1345064D from the Criminal District Court No. 3 of Tarrant County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:  September 11, 2019
Do not publish