**Manolo Elias LEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–495–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1990.

Mark Alexander, McAllen, for appellant.

Rene Guerra, Edinburg, for appellee.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

A jury found appellant guilty of murder and assessed his punishment at life in prison. We affirm.

Appellant was indicted for murder under Tex.Penal Code Ann. § 19.02(a)(1) (Vernon 1989). Murder, under this section, is a result-oriented offense. *See Martinez v. State,* 763 S.W.2d 413, 419 (Tex.Crim.App. 1988).

In his first point of error, appellant argues that the trial court's charge improperly submitted the full statutory definitions of "intentional" and "knowing."[1] Tex.Penal Code Ann. § 6.03(a)–(b) (Vernon 1974). Appellant contends that because he was indicted for murder under § 19.02(a)(1), the trial court should only have submitted the portions of the definitions which concern the result of his conduct.

Generally, a charge should contain only the portion of the statutory definition which corresponds to the type of culpable mental state proscribed by the offense. *See Kinnamon v. State,* 791 S.W.2d 84, 87–89 (Tex.Crim.App.1990) (capital murder); *Haggins v. State,* 785 S.W.2d 827, 828 (Tex.Crim.App.1990) (injury to a child); *Alvarado v. State,* 704 S.W.2d 36, 37–40 (Tex. Crim.App.1985) (injury to a child); *Saldivar v. State,* 783 S.W.2d 265, 266–68 (Tex.

App.—Corpus Christi 1989, no pet.) (aggravated sexual assault); *Garza v. State,* 794 S.W.2d 497, 500–01 (Tex.App.—Corpus Christi 1990, pet. filed) (aggravated robbery); *Villegas v. State,* 791 S.W.2d 226, 237–238 (Tex.App.—Corpus Christi 1990, pet. ref'd) (capital murder).

Trial courts should submit only the appropriate portion of the broad statutory definitions of mental states so that juries do not convict defendants upon theories not alleged in the indictment or upon theories not constituting offenses under the Penal Code. By erroneously submitting the entire statutory definition, a trial court might inadvertently authorize a jury to convict a defendant of a result-oriented offense without requiring the jury to find that a defendant intended the result of his conduct. For example, in *Alvarado,* the trial court submitted the complete statutory definition. By so doing, the court permitted the jury to convict the defendant if it found that the defendant knowingly or intentionally placed her child in hot water without requiring it to find that the defendant intended or knew serious bodily injury would result from this conduct. *Alvarado,* 704 S.W.2d at 39–40. Because the definition was not limited, the defendant was improperly convicted of the offense charged.

Appellant argues that the same error occurred here. He claims that because the full definition was given the jury could have found him guilty of murder by finding only that he intentionally or knowingly shot a firearm, without finding that he intended or knew that death would result from his conduct. If the jury charge so allowed, error would have resulted, because a person's mere pulling of the trigger of a firearm, which in turn causes a death, does not constitute murder under Tex.Penal Code Ann. § 19.02(a)(1) (Vernon 1989). *See Martinez,* 763 S.W.2d at 419.

In order to determine if the charge allowed such a conviction, we review the

---

1. Appellant's point of error, as stated, only attacks the trial court's definition of "intent." In his argument, however, appellant also attacks the definition of "knowing." At trial, appellant objected to both definitions on the same premise. We will presume that appellant wished to raise both matters in his point of error since his trial objection and appellate argument concern both.

definition complained of in the context in which the term appears. *Kinnamon,* 791 S.W.2d at 87. The trial court, over appellant's objection, charged the jury as follows:

## II.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

## III.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 26th day of November, 1988, in Hidalgo County, Texas, the defendant, MANOLO ELIAS LEAL, did intentionally or knowingly cause the death of an individual, namely MARIA NICOLASA MEDRANO a/k/a MARINA, by shooting the said individual with a deadly weapon, to-wit: a firearm, that in the manner of its use and intended use was capable of causing death and serious bodily injury, then you will find the Defendant guilty of Murder, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of Murder, and next consider whether he is guilty of the offense of Involuntary Manslaughter.

When the full definition set out in the jury charge's second paragraph is read in conjunction with the application paragraph, we do not find that the charge improperly authorized appellant's conviction. Murder under § 19.02(a)(1) is not concerned only with the result of a person's conduct. To prove murder under this section, the State must show that an accused intentionally or knowingly engaged in the act that caused the death and intended or knew that death would result from that act. *See Martinez,* 763 S.W.2d at 413.

The charge required the jury to find that appellant intentionally or knowingly caused the victim's death by shooting her with a firearm. This phrasing did not allow a conviction on the theory that appellant intentionally shot a firearm but unintentionally or unknowingly caused the victim's death. In context, the charge requires the jury to find that appellant intentionally or knowingly caused the result. Appellant's first point of error is overruled.

■ In his second and third points of error, appellant contends that the jury only should have been charged on involuntary manslaughter and that the evidence is insufficient to sustain a conviction for murder. In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Baugh v. State,* 776 S.W.2d 583, 585 (Tex.Crim.App.1989); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App. 1989); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988); *Castillo v. State,* 739 S.W.2d 280, 287 (Tex.Crim.App.1987).

We briefly summarize the evidence in the light most favorable to the verdict. Miguel Aleman testified that he and his wife, the victim, had recently arrived in Edinburg from Guatemala. They had saved between $1,250 and $1,300, which the victim kept inside a billfold in a bag. When Aleman came home from work around 5:00 p.m., he found his wife dead. Their house appeared to have been ransacked. The money they had saved was missing.

The State introduced into evidence a statement in which appellant, who lived across the street from the victim, said that he had gone to the victim's house to watch a movie. He said he was playing with a

gun when it discharged, and a bullet hit the victim. There is nothing in the statement to show that appellant sought medical assistance after the gun discharged.

In the statement, appellant said that he panicked and was scared. He then got a ride to McAllen. Felipe de la Cruz testified that he picked up appellant in Edinburg on the afternoon of the shooting. Appellant did not seem nervous or excited. Appellant told de la Cruz that he had been shooting at his house. Appellant offered to buy diesel and drinks. Later, when the police questioned appellant about the incident, they found $1,020 in his boot.

We find this evidence sufficient to sustain appellant's conviction for murder. The circumstances show that the victim's money was missing after the shooting, that appellant did not seek medical assistance for her, and that appellant's claim of being scared or panicked was arguably false. The jury was entitled to infer from these circumstances that appellant intentionally or knowingly caused the victim's death by shooting her with a firearm. Appellant's argument that the evidence shows only involuntary manslaughter is without merit.

Appellant also argues that because the State introduced appellant's statement into evidence, it was bound to accept his theory that the firearm had discharged accidentally. We disagree. Under the new Rules of Criminal Evidence, the State is not bound by a defendant's statement which it introduces. *Russeau v. State,* 785 S.W.2d 387, 390 (Tex.Crim.App.1990). Furthermore, even if the former voucher rule were still effective, sufficient evidence was introduced to disprove appellant's theory that the weapon fired accidentally. Appellant's second and third points of error are overruled.

The judgment of the trial court is affirmed.