Peter Stinson **STRANBERG**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–98–00312–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 15, 1999.
Decided March 16, 1999.

Barrett Keith Brown, Attorney at Law, Sherman, for appellant.

Donald L. Jarvis, Sherman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Justice ROSS.

Peter Stranberg was indicted for driving while intoxicated. A jury found him guilty and assessed his punishment at 180 days in jail and a fine of $2,000.00. Imposition of the confinement portion of his punishment was suspended, and he was placed on community supervision for a period of two years. Stranberg appeals, contending that the trial court erred when it allowed certain testimony from the arresting officer and when it admitted extraneous evidence.

 In his first contention, Stranberg specifically argues that Officer Shannon Thomas misstated the law when he testified that he was a more credible witness than others because he was a police officer and that this misstatement caused reversible error. The record shows that the testimony of which Stranberg complains was actually elicited by his own counsel in his cross-examination of Thomas. The challenged testimony is as follows:

Q There was nothing to prohibit you from having them [the arresting officer's sergeant and another officer who arrived at the scene during Thomas' investigation] ask a question or two of Mr. Stranberg to see if they could smell alcohol, isn't that a fact?

A Wasn't necessary.

Q Because your word's enough, correct?

A I'm a credible witness, according to the State, yes.

Q Oh. According to the State? You're State certified as a credible witness?

A Well, a peace officer's testimony is credible. I'm sorry.

Q Oh. A peace— where do you get that?

A Just the way it is.

Q Was Mark Fuhrman's testimony credible in the O.J. trial?

[THE STATE:] Your Honor, this is getting ridiculous.

THE COURT: Mr. McGowen.

MR. McGOWEN: Well, Your Honor, I he has basically said that he's more credible because he's a peace officer and I should be able to ask him about that.

THE COURT: This is Texas and that's California. Let's move along.

Q ... Okay. What is it about you being a police officer that makes you more believable than any other witness?

A We were shown at the academy, I don't recall exactly where it was, that the weight— the testimony of a peace officer weighs heavier. That's what we were shown.

Q So if you say the light's off in this courtroom and I say it's on, people should believe you because you're a police officer?

A I wouldn't say that.

 A defendant must make a timely objection in order to preserve error in the admission of evidence. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App.1997). Where the defendant, by his questioning, causes the complained-of testimony, the error is considered invited. *See Tennard v. State*, 802 S.W.2d 678, 685 (Tex.Crim.App. 1990); *Jenkins v. State*, 948 S.W.2d 769, 776 (Tex.App.San Antonio 1997, pet. ref'd).

Because Stranberg's trial counsel failed to make a request, did not object, and did not make a motion regarding the admission of the testimony which he elicited, and because he invited error by eliciting the testimony himself, Stranberg's contention was not preserved for appellate review and is overruled.

 Next, Stranberg contends that the trial court erred by overruling his objection to extraneous evidence. During the State's case in chief, Deputy Rusty May testified that he had observed Stranberg drinking alcohol at the country club where both he and Stranberg were members.[1] The State argues that this testimony was introduced to refute the videotaped statements made by

---

1. May did not testify that he saw Stranberg drinking on the day of the offense.

Stranberg to Officer Thomas during the arrest that he did not drink alcoholic beverages. The videotape was introduced into evidence and shown to the jury before May testified.

 Formerly, under what was known as the "voucher rule," the State was bound by statements which it introduced. *See Palafox v. State,* 608 S.W.2d 177 (Tex.Crim.App. 1979). This is no longer the rule in Texas. *Russeau v. State,* 785 S.W.2d 387, 390 (Tex. Crim.App.1990). Under the prior rule, when the State offered any evidence which was exculpatory, the State was bound by that evidence unless it disproved, beyond a reasonable doubt, the exculpatory evidence. *Palafox,* 608 S.W.2d at 177. In voucher rule situations, the State was required to introduce other evidence which refuted the evidence that it originally offered, or the defendant would be acquitted. *See id.* at 181. Since the rejection of the voucher rule, courts have held that the State is not bound by statements which it introduces. *Russeau,* 785 S.W.2d at 390. The State has not, since the rejection of the voucher rule, been prohibited from refuting the exculpatory evidence. Accordingly, we believe that in situations where evidence is properly introduced by the State, and portions of that evidence is exculpatory, the State may then introduce further evidence to refute the exculpatory portion of the original evidence. *See generally Leal v. State,* 800 S.W.2d 346, 349 (Tex.App.Corpus Christi 1990, pet. ref'd); *Boudreaux v. State,* 757 S.W.2d 139, 146 (Tex.App.Houston [1st Dist.] 1988, pet. ref'd). We do not intend by this holding that the State should be permitted to bootstrap itself into presenting evidence damaging to the defendant by first presenting exculpatory evidence for the sole purpose of then refuting that evidence with evidence against the defendant that would not otherwise be admissible. Such a pretext or sham should not be allowed. *See generally Garcia v. State,* 887 S.W.2d 862, 873–74 (Tex.Crim.App.1994); *Braggs v. State,* 951 S.W.2d 877, 882 (Tex.App.Texarkana 1997, pet. ref'd); *Pruitt v. State,* 770 S.W.2d 909, 911 (Tex.App.Fort Worth 1989, pet. ref'd). The videotape of Stranberg's arrest containing the exculpatory statements he made to Officer Thomas was properly admitted into evidence. It was then permissible for the State to refute those statements, as it did with the testimony of Rusty May. Stranberg's second contention is overruled.

The judgment of the trial court is affirmed.