

**NUMBER 13-07-00392-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ADRIAN CASAS SANDOVAL,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Hill
### Memorandum Opinion by Justice Hill[1]

Appellant, Adrian Casas Sandoval, appeals his conviction by a jury for the offense

of capital murder. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp. 2008).

Inasmuch as the State did not seek the death penalty, the trial court assessed his

---

[1] Retired Second Court of Appeals Justice John G. Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

punishment at life imprisonment without parole. In nine issues, Sandoval contends that: (1) the trial court improperly commented on the weight of the evidence; (2) his substantive due process rights under the United States Constitution were violated by the application of the law of parties under Texas Penal Code section 7.02; (3) his equal protection rights under the United States Constitution were violated by the application of the law of parties under Texas Penal Code section 7.02; (4) his rights under the Eighth Amendment to the United States Constitution were violated by the application of the law of parties under Texas Penal Code section 7.02; (5) his procedural due process rights under the United States Constitution were violated by the law of parties under Texas Penal Code section 7.02; (6) article 37.071, section 1, of the Texas Code of Criminal Procedure violates the prohibition of cruel and unusual punishment guaranteed by the Eighth Amendment of the United States Constitution; (7) article 37.071, section 1, of the Texas Code of Criminal Procedure violates the prohibition of cruel and unusual punishment guaranteed by article 1, section 13, of the Texas Constitution; (8) section 12.31 of the Texas Penal Code violates the prohibition of cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution; and (9) section 12.31 of the Texas Penal Code violates the prohibition of cruel and unusual punishment guaranteed by article 1, section 13, of the Texas Constitution. We affirm.[2]

## I. COMMENT ON THE WEIGHT OF THE EVIDENCE

In his first issue, Sandoval contends that, during voir dire, the trial court commented on the weight of the evidence by saying, "But the information that I have leads me to believe that he could be found guilty under the law of parties." No objection was made to this comment. Consequently, nothing is presented for review. TEX. R. APP. P. 33.1(a).

---

[2] As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Sandoval asserts that the comment by the trial court was a fundamental error of constitutional dimension that required no objection to preserve error on appeal, relying on the case of *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000).  Because we find *Blue* distinguishable from the present case, we disagree.

In *Blue*, the trial court commented:

> [This case], which we are going on, is a situation where the attorney has been speaking to his client about what does he want to do.  And when you are on the button like these cases, it's a question.  Frankly, an offer has been made by the State or do I go to trial.  And he has been back and forth so I finally told him I had enough of that, we are going to trial.  You have been sitting out here and this is holding up my docket and I can't get anything done until we know if we are going to trial or not.
>
> Frankly, obviously, I prefer the defendant to plead because it gives us more time to get things done and I'm sure not going to come out here and sit.  Sorry, the case went away and we were all trying to work toward that and save you time and cost of time, which you have been sitting here and I apologize about that.  I told the defendant that.  Like I said, I have enough of this and going to trial.

*Id.* at 130.  The court in *Blue* noted that the trial judge, by telling the jury that the defendant had seriously considered entering into a plea agreement and by noting that the judge preferred that the defendant plead guilty, tainted the defendant's presumption of innocence.  *Id.* at 132.

In this case, the judge's comment was made in the context of informing the venire of the law of parties.  In doing that, the judge said,

> But I don't know what the facts are going to be.  What I do know is that the defendant has been charged.  It doesn't say under the law of parties.  But the information that I have leads me to believe that he could be found guilty under the law of parties.

A short time later, the trial judge instructed the jury as follows:

> Just because a person has been arrested, charged or indicted, does not necessarily mean that they [sic] committed the offense.  The defendant

3

as he sits here in the courtroom today is presumed by law to be innocent.

All persons are presumed to be innocent until the State has brought in evidence to your satisfaction whereby you believe beyond a reasonable doubt that all of the elements of the indictment have been proven against this defendant.

The district attorney's office or the State of Texas has the burden of proof. The burden of proof means that they have to bring evidence to show the guilt of the accused. The defendant and his attorneys don't have to do anything but sit here and listen.

. . . .

Both sides, the State and the defense, are looking for justice. What is justice? Justice means a verdict based upon the evidence. Justice is not necessarily a guilty verdict nor is justice necessarily a not-guilty verdict. Justice is a verdict based upon the evidence.

Considering the full context of the trial judge's remarks in this case, we hold that those comments did not taint the presumption of innocence of the defendant. In fact, as we have noted, the trial judge emphasized the defendant's presumption of innocence. Sandoval's first issue is overruled.

## II. APPLICATION OF THE LAW OF PARTIES

In issues two, three, four, and five, Sandoval contends that, in this case, the application of the law of parties under Texas Penal Code section 7.02 violates his substantive due process rights under the United States Constitution, his equal protection rights under the United States Constitution, his rights under the Eighth Amendment of the United States Constitution, and his procedural due process rights under the United States Constitution.

We note in connection with issue four that the table of contents states that the issue is that Sandoval's counsel was ineffective for failing to object to the trial judge's comments

4

that were the subject of issue one. On page eight of his brief, Sandoval restates issue four as relating to his Eighth Amendment rights being violated by the application of the law of parties. In his argument under this issue, there is no discussion relating to either the ineffectiveness of Sandoval's counsel, or any discussion of the Eighth Amendment of the United States Constitution as it might relate to the application of the law of parties under Texas Penal Code section 7.02. Additionally, Sandoval cites no authority in support of either statement of the issue. *See* TEX. R. APP. P. 38.1(i) (providing that "the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). We also note that there is no discussion of, nor authority presented in support of, Sandoval's assertion in issue three that his equal protection rights under the United States Constitution were violated by the application of the law of parties. *See id.* Holding that nothing is presented for review with respect to either issue, we overrule issues three and four. *See id.*

We also hold that Sandoval's due process rights were not violated, as he contends in issues two and five. *See Gravis v. State*, 982 S.W.2d 933, 939 (Tex. App.–Austin 1998, pet. ref'd). In his argument under these issues, Sandoval emphasizes that, although the State would not have been required to show that he had intended the death of the victim under the law of parties, the law of parties was not included in the indictment. However, it is not necessary to plead the law of parties in the indictment. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). Moreover, in charging the jury with respect to Sandoval's liability for the crime as a party, the trial court instructed them that:

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other

5

person to commit the offense.

> The mere presence of the defendant, ADRIAN CASAS SANDOVAL, at the scene of the alleged offense, if any, alone by itself, would not constitute him a party to the offense.

The trial judge also instructed the jury that, in order to convict Sandoval for the offense of the capital murder by Luis Gomez, it must find beyond a reasonable doubt that Sandoval knew of Gomez's intent to kill the victim by hitting him with a pipe or unknown object and that Sandoval acted with the intent to promote or assist the commission of the offense by Gomez by aiding or attempting to aid him to commit the offense of capital murder. Sandoval insists that the jury must be required to find that he had the specific intent to kill the victim, rather than a mere intent to engage in conduct that caused the victim's death.

To support his contention, Sandoval relies on *English v. State*, 592 S.W.2d 949, 954-55 (Tex. Crim. App. 1979). In *English*, the court noted that the trial court's charge did not authorize the jury to convict English if it found that the murder was committed during the course of a conspiracy to rob the victim, but required the jury to find that English was a party to the offense of capital murder. *Id.* at 954. We find nothing in this opinion that is relevant to our resolution of the issue presented by Sandoval in that it does not address any alleged constitutional deficiency of section 7.02 of the Texas Penal Code. This is also true of the other authorities referred to us by Sandoval, which include *Gardner v. State*, 730 S.W.2d 675 (Tex. Crim. App. 1987); *Leal v. State*, 800 S.W.2d 346 (Tex. App.–Corpus Christi 1990, pet. ref'd); *Turner v. State*, 805 S.W.2d 423 (Tex. Crim. App. 1991); and *Ruiz v. State*, 579 S.W.2d 206, 209 (Tex. Crim. App. 1979). Sandoval notes a paragraph in the court's charge in *English* requiring the jury to find that English specifically intended to kill

6

the victim. However, we believe that the instruction given to the jury, that Sandoval knew of Gomez's intent to kill the victim and that he acted with the intent to aid Gomez in committing the offense of capital murder, is sufficient to support a finding of Sandoval's specific intent to kill the victim. We, therefore, find that the charge submitted in this case adequately requires a specific intent on Sandoval's part that the victim be killed so as not to require an instruction such as that given in *English*. We overrule issues two and five.

### III. CONSTITUTIONAL ISSUES

Sandoval asserts in issues six, seven, eight, and nine that article 37.071, section 1, of the Texas Code of Criminal Procedure, and section 12.31 of the Texas Penal Code each violates the prohibition of cruel and unusual punishment guaranteed by the Eighth Amendment of the United States Constitution and article I, section 13, of the Texas Constitution. Article 37.071, section 1, of the Texas Code of Criminal Procedure provides that if a defendant is found guilty in a capital felony case in which the State does not seek the death penalty, the judge shall sentence the defendant to life imprisonment without parole. TEX. CODE CRIM. PROC. ANN. art. 37.071, § 1 (Vernon 2006). Section 12.31(b) of the Texas Penal Code provides that in a capital felony trial in which the State does not seek the death penalty, prospective jurors shall be informed that the State is not seeking the death penalty and that a sentence of life imprisonment without parole is mandatory on conviction of the capital felony. *See* TEX. PENAL CODE ANN. § 12.31(b) (Vernon Supp. 2008).

A mandatory sentence of life imprisonment without parole is not a cruel and unusual punishment proscribed by the Eighth Amendment of the United States Constitution, *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991), nor does it violate the similar prohibition

7

of article I, section 13 of the Texas Constitution. *Cienfuegos v. State*, 113 S.W.3d 481, 496 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd).

While the issues as stated refer only to Sandoval's assertion that article 37.071, section 1 of the Texas Code of Criminal Procedure and Section 12.31(b) of the Texas Penal Code violate the prohibition of cruel and unusual punishment guaranteed by the United States and Texas Constitutions, within his discussion of these issues, Sandoval expresses other bases for his assertion that the imposition of an automatic life sentence without parole violates his constitutional rights. Sandoval asserts that the imposition of the automatic life sentence without parole violates his rights to equal protection under the law, as guaranteed to him by the due process and due course of law provisions of the United States and Texas Constitutions, apparently because of the district attorney's discretion as to whether or not he or she chose to prosecute him for capital murder or murder. He also suggests that the imposition of the automatic life sentence without parole violates his right to have a jury determine his punishment. However, the imposition of the automatic life sentence where the State does not seek the death penalty does not violate one's right to equal protection or due process, and there is no constitutional right to have the jury determine punishment. *See Laird v. State*, 933 S.W.2d 707, 714-15 (Tex. App.–Houston [14th Dist.] 1996, pet. ref'd).

In asserting his right to have the jury determine punishment, Sandoval relies on two cases, *Frank v. United States*, 395 U.S. 147 (1969), and *Duncan v. Louisiana*, 391 U.S. 145 (1968). Both of these cases provide that, in all but very minor situations, there is a Sixth Amendment right to trial by jury in criminal cases. *Frank*, 395 U.S. at 148; *Duncan*,

8

391 U.S. at 149.  However, neither of these cases support Sandoval's contention that his right to trial by jury affords him the right to have the jury assess his punishment in some way other than the punishment that has been determined by the legislature.  He cites no authority to support that argument, and we are not aware of any.  We overrule issues six, seven, eight, and nine.

## IV. Conclusion

Having overruled all of Sandoval's issues, we affirm the trial court's judgment.

JOHN G. HILL
Justice

Do Not Publish. Tex. R. App. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 27th day of August, 2009.