

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00024-CR

DANIEL WILLIAM MOHLER                                   APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1345064D

----------

### MEMORANDUM OPINION[1]

----------

Appellant Daniel William Mohler appeals two convictions for indecency with a child. The jury assessed punishment at six years for each offense, and the trial court sentenced Appellant accordingly and ordered the punishments to run consecutively. Appellant brings four points. In his first point, he complains about charge error; in his second, he complains about the sufficiency of the

---

[1]*See* Tex. R. App. P. 47.4.

evidence to support one of his convictions; and in the third and fourth points, he complains about the admission of testimony by the investigating officer. We affirm.

## The Indictment

The indictment contained five counts. The first count provided:

[T]hat [Appellant], hereinafter called the Defendant, in the County of Tarrant and State aforesaid, on or about the 1st day of September 2011,

through the 14th day of August, 2013, did intentionally or knowingly, during a period of time that is 30 days or more in duration, commit two or more acts of sexual abuse, to wit: [1] aggravated sexual assault of a child under 14 years of age by causing the sexual organ of [Complainant] to contact the sexual organ of the defendant and/or [2] by causing the penetration of the sexual organ of [Complainant] by inserting his finger into her sexual organ and/or [3] by causing the sexual organ of [Complainant] to contact the mouth of the defendant and/or [4] indecency with a child by touching the genitals of [Complainant] with the hand of the defendant and/or [5] by touching the anus of [Complainant] with the hand of the defendant and at the time of the commission of each of these acts of sexual abuse the defendant was 17 years of age or older and [Complainant] was younger than 14 years of age . . . .

In Count One, the State charged Appellant with the offense of continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. § 21.02(b) (West Supp. 2016). The five acts of sexual abuse specifically enumerated in the first count are lesser-included offenses of the offense of continuous sexual abuse. *See id.* § 21.02(c) (West Supp. 2016); *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011).

2

Four of those lesser-included offenses were charged in the remaining four counts of the indictment. In Count Two, the State alleged that Appellant caused the sexual organ of Complainant to contact the sexual organ of Appellant—the offense of aggravated sexual assault of a child under fourteen years of age and the first act of sexual abuse alleged in Count One. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (West Supp. 2016). In Count Three, the State alleged that Appellant caused the sexual organ of Complainant to contact his mouth—the offense of aggravated sexual assault of a child under fourteen years of age and the third act of sexual abuse alleged in Count One. *See id.* In Count Four, the State alleged that Appellant intentionally, with the intent to arouse or gratify his sexual desire, engaged in sexual contact by touching the genitals of Complainant, a child younger than seventeen years of age—the offense of indecency with a child by contact and the fourth act of sexual abuse alleged in Count One. *See id.* § 21.11(a)(1), (c)(1) (West 2011). Finally, in Count Five, the State alleged that Appellant intentionally, with the intent to arouse or gratify his sexual desire, engaged in sexual contact by touching the anus of Complainant, a child younger than seventeen years of age—the offense of indecency with a child by contact and the fifth act of sexual abuse alleged in Count One.[2] *See id.*

---

[2]The State also alleged in the indictment a special issue that at the time Appellant committed the offense or offenses, Complainant was a child younger than six years of age. This special issue did not make it into the jury charge, and because there are no complaints regarding the special issue, we will not address it further.

**Peculiarities of the Offense of Continuous Sexual Abuse**

The statutory language for the offense of continuous sexual abuse reflects that the Legislature intended to permit one conviction for continuous sexual abuse based on the repeated acts of sexual abuse that occur over an extended period of time, even if the jury lacked unanimity as to each of the particular sexual acts or their time of occurrence, so long as the jury members agreed that at least two acts occurred during a period that was thirty or more days in duration. *See id.* § 21.02(b), (d), (f) (West Supp. 2016); *Price v. State*, 434 S.W.3d 601, 605–06 (Tex. Crim. App. 2014). The statutory language also reflects that the Legislature intended to disallow dual convictions for the offense of continuous sexual abuse and for the offenses enumerated as "acts of sexual abuse" when based on conduct against the same child during the same period of time. *See* Tex. Penal Code Ann. § 21.02(e) (West Supp. 2016); *Price*, 434 S.W.3d at 606. Accordingly, in the context of the indictment in this case, if the jury convicted Appellant of Count One, the Legislature did not contemplate the jury also convicting Appellant on any of the lesser-included offenses listed in Counts Two through Five.

On the other hand, in the context of the indictment in this case, if the jury found Appellant not guilty of Count One, because the lesser-included offenses were listed in subsequent counts, the jury potentially could have found Appellant guilty of one, two, three, or all four of the lesser-included offenses identified in Counts Two through Five. *See* Tex. Code Crim. Proc. Ann. art. 21.24 (West

4

2009); *Shavers v. State*, 881 S.W.2d 67, 73–75 (Tex. App.—Dallas 1994, no pet.).

## State Abandons Counts Two through Five but Requests Independent Verdicts on the Five Lesser-Included Offenses Identified as Acts of Sexual Abuse in Count One

At the close of the evidence, the State abandoned Counts Two through Five but asked for the lesser-included offenses identified in Count One. The charge, as submitted, authorized the jury to convict Appellant of Count One or, assuming the jury found Appellant not guilty of Count One, authorized the jury to convict Appellant of one, two, three, four, or all five of the lesser-included offenses found within Count One.[3]

## The Jury Verdict

The jury found Appellant not guilty of Count One, not guilty of the first three lesser-included offenses, and guilty of the last two lesser-included offenses. The jury thereafter assessed Appellant's punishment for each of the lesser-included offenses at six years' confinement. The trial judge ordered the sentences to run consecutively.

---

[3]Citing article 21.24 of the code of criminal procedure, the court in *Shavers* held that when the defendant was convicted of two lesser-included offenses under one count in one indictment, one of the lesser-included offenses had to be vacated. *Shavers*, 881 S.W.2d at 74–75. We have previously held that violation of the one-offense-per-indictment rule is fundamental error. *Owens v. State*, 851 S.W.2d 398, 401 (Tex. App.—Fort Worth 1993, no pet.). But courts will not raise the issue sua sponte. *Id.*

5

**Sufficiency of the Evidence**

In point two, Appellant maintains that the evidence is insufficient to sustain his conviction for indecency with a child by touching her anus with his hand because Complainant denied the conduct during her trial testimony and because the State's evidence showed that she referred to her "butt" as her buttocks or her anus. Because Appellant admitted touching Complainant's anus in State's Exhibit 1, we disagree.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.*; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we

determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray*, 457 S.W.3d at 448. We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448–49.

State's Exhibit 1 is a recorded conversation between Complainant's mother (Appellant's daughter) and Appellant. During the recording, Appellant stated that he touched Complainant's anus for the purported purpose of checking for pinworms. Complainant's mother corrected Appellant by explaining to him that touching the anus was not the proper way to check for pinworms and by further explaining to him that the proper way was to place tape over the anus. The only question for the jury was, therefore, whether to believe Appellant's explanation. The verdict reflects that the jurors did not; instead, they believed that he touched her with the intent to arouse or gratify his sexual desire. This evidence, when viewed in the light most favorable to the verdict, was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

We overrule Appellant's second point.

**Double Jeopardy**

In point one, Appellant argues that the trial court erred by charging the jury on the two lesser-included offenses of indecency with a child by contact because they were jeopardy barred by his acquittal on Count One.[4] We disagree.

Appellant was never in danger of being convicted of both the greater and lesser offenses. As structured, the charge instructed the jury to proceed to the lesser-included offenses only if it found Appellant not guilty of Count One, that is, not guilty of continuous sexual abuse. Because the charge is relatively complex, we provide it in an endnote.[i] In compliance with the instructions, after finding Appellant not guilty of Count One, the jury proceeded to render a verdict on each of the five enumerated lesser-included offenses.

We disagree with Appellant that by finding him not guilty of Count One, the jury found him not guilty of all the lesser-included offenses. To find Appellant guilty of Count One, the jury had to find that "during a period of time that is 30 days or more in duration, [Appellant] commit[ed] two or more acts of sexual abuse." The jury found Appellant not guilty of Count One but guilty of the last two

---

[4]Appellant does not argue that the two convictions for indecency with a child by contact are merged or subsumed within each other; rather, he argues the two were subsumed within Count One and he was effectively acquitted of both when he was acquitted of Count One. The two convictions for indecency with a child could be punished separately. *See Aekins v. State*, 447 S.W.3d 270, 278 (Tex. Crim. App. 2014) ("A person who commits more than one sexual act against the same person may be convicted and punished for each separate and discrete act, . . . . The defendant might touch a child's breast; then he touches her genitals. Two separate acts, two separate impulses, two separate crimes.").

8

lesser-included acts of sexual abuse. Accordingly, because the jury found that Appellant committed two of the enumerated acts of sexual abuse, the only basis for the jury finding that Appellant was not guilty of Count One was because the jury did not find that the two acts of sexual abuse occurred over a period of time of thirty days or more.

Appellant contends that the charge had to specify that the lesser-included offenses had to occur within a period of twenty-nine days or less, otherwise the acquittal on Count One effectively acquitted him of all the lesser-included offenses as well. We disagree. The charge precluded the jury from even going to the lesser-included offenses if the jury found Appellant committed two or more offenses over a period of thirty days or more. Because the jury found Appellant guilty of two of the lesser-included offenses but did not convict Appellant of Count One, the jury necessarily did not find that Appellant committed those two lesser-included offenses over a period of thirty days or more. Only if the jury found that the two lesser-included offenses occurred during a period of thirty days or more could Appellant's double jeopardy argument possibly have any merit, as that was precisely the issue submitted to the jury in Count One. However, given the way in which this charge was structured, the jury would never have reached the lesser-included offenses if it had concluded that the two offenses occurred during a period of thirty days or more.

We overrule Appellant's first point.

9

## Detective's Belief in Complainant's Outcry

In point three, Appellant asserts that the trial court erred in admitting Detective Chad Woodside's testimony indicating a belief in Complainant's outcry. At trial, there was evidence that Complainant made an outcry, thereafter recanted her outcry to her mother, and during a second forensic interview, denied making a recantation.

We review the admission of evidence under an abuse of discretion standard. *Garcia v. State*, 237 S.W.3d 833, 836 (Tex. App.—Amarillo 2007, no pet.). We uphold the trial court's ruling if the admission was within the zone of reasonable disagreement. *Id.*

Regarding Detective Woodside's vouching for the veracity of Complainant's outcry, Appellant himself invited Detective Woodside to give his expert opinion on whether Complainant's recantation was true or not true. Defense counsel and Detective Woodside engaged in the following exchange:

> [DEFENSE COUNSEL:] [W]hen some child, little child recants their testimony, in your experience, expertise as a—as a crime investigator, if a little child recants, who is in the best position to determine whether or not that child's recantation is true or not, the parent who's lived with that child all their lives or some person who doesn't even know them?
>
> A. I guess it depends on what was said in the recant.
>
> Q. Okay.
>
> A. I wouldn't know.

Later, when defense counsel asked Detective Woodside to acknowledge that when he took a child to the hospital and spoke to the child's parents, he started off with the assumption that the child was telling the truth, Detective Woodside agreed that was his assumption. Detective Woodside stated, "If a victim says they're a victim, then I'm assuming they're a victim." Detective Woodside's assumptions when he initiated an investigation, however, are a far cry from vouching for the veracity of Complainant's outcry or the falsity of her recantation at trial. To the extent Detective Woodside vouched for the veracity of Complainant's outcry, he did so only at the prompting of defense counsel. Where a defendant, by his questioning, causes the complained-of testimony, courts consider the error invited and not preserved. *See Stranberg v. State*, 989 S.W.2d 847, 848 (Tex. App.—Texarkana 1999, pet. ref'd).

When the State questioned Detective Woodside regarding the second forensic interview, the following exchange occurred:

Q. [THE STATE]  And in the second interview she didn't recant, did she?

A. Correct.

Q. Now, as a detective in these types of cases, have you seen recantations before?

A. Yes.

Q. And are there true recantations?

[DEFENSE COUNSEL]:  Which I will object, Your Honor, that's irrelevant.

THE COURT:  Restate your question.

11

Q. ([THE STATE]) Based upon your experience, your training, your knowledge, 30 years in the police department, have you seen recantations in cases like this?

[DEFENSE COUNSEL]: I object to this, Judge. It's irrelevant.

THE COURT: Overruled.

THE WITNESS: Yes.

Q. ([THE STATE]) And as a detective do you look at that and take that seriously?

A. Yes.

Q. All right. Do you want to know the truth and get to the bottom of what's going on?

A. Yes.

Q. And is it important for you to look at the circumstances in any given case?

A. Yes.

Q. As a detective in a case like this, would it be concerning to you when you have a parent who might not fully be on board, might not fully be believing?

A. It's not necessarily concerning, but it's common.

Q. Is it concerning to you when the perpetrator is a family member and the family was once close-knit and this has destroyed the family? Do you see that?

A. Yes, yes, always.

Earlier in the trial, the forensic interviewer had testified at length about recantations and about how the forensic interviewer had tried, during a second interview with Complainant, to probe the circumstances surrounding the recantation so that the detective could make a decision about how to proceed.

12

Defense counsel himself later questioned Detective Woodside "in [his] experience, expertise as a . . . crime investigator" about how he handled recantations and about whether forensic interviewers continued to interview children "until they [got] the kind of results they want[ed]." Because the jury heard other evidence from both Detective Woodside and from the forensic interviewer regarding how to view a recantation, we hold that the trial court did not abuse its discretion by admitting Detective Woodside's testimony. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (holding that the "overruling of an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling").

Furthermore, in this instance, the only question Detective Woodside answered—over proper objection followed by an adverse ruling—was whether he had seen recantations in his career, and he answered "yes." Detective Woodside had answered the nearly identical question the same way without an objection only moments before. Later, on cross-examination, defense counsel asked Detective Woodside if he had had any experience with recantations, and Detective Woodside answered that he had. A trial court does not reversibly err by admitting evidence over objection where the same evidence is admitted elsewhere during trial without objection. *Gurrusqueita v. State*, 244 S.W.3d 450, 455 (Tex. App.—Fort Worth 2007, pet. ref'd). Even assuming the trial court had erred, any error was harmless. *See* Tex. R. App. P. 44.2(b).

13

We overrule Appellant's third point.

## Minimization and Corroboration Testimony

In point four, Appellant maintains that the trial court erred in admitting the investigating officer's opinion evidence that Appellant had minimized his crimes and that some parts of the recording corroborated Complainant's statement. After the trial court admitted the recording between Appellant and Complainant's mother, Detective Woodside testified regarding the recording as follows:

Q. [THE STATE] Let's talk about this recorded call that [Complainant's mother] did with [Appellant]. In your 30 years with the police, have you had an opportunity to interview people accused of crimes like this?

A. Yes.

Q. On few or many occasions?

A. Many.

Q. And when these people are confronted with accusations like this, what do they typically do?

A. Typically, they will minimize their behaviors. They will make excuses, place blame somewhere else.

. . .

Q. ([THE STATE]) Detective Woodside, when you listen to the conversation, do you hear things that corroborate what [Complainant] said happened?

[DEFENSE COUNSEL]: Your Honor, and the tape speaks for itself. What he's hearing is irrelevant.

THE COURT: Overruled.

[DEFENSE COUNSEL]: The tape is the best evidence, not his opinion about what's on the tape.

14

THE COURT: Overruled as to that objection.

THE WITNESS: Yes.

Q. ([THE STATE]) And could you just name a few things?

A. Well, first and foremost, she said that Papa Dan touched her girl parts, and he confirmed that on the audio tape. She said that it happened in bed, he said it happened in bed. She said she was wearing a nightgown, he said she was wearing a nightgown. She said that it happened when Grandma was gone, he said it happened when Grandma was gone. So it corroborates and confirms what the victim said in her statement.

Q. And do—what about minimizing, do you see examples of him minimizing?

A. Yes. He said that—well, biggest thing is he says that she's exaggerating, says that she—

[DEFENSE COUNSEL]: Your Honor, can I have—can I have an ongoing objection as to his interpretation of what's being said on this tape and speculating as to whether what's in [the] minds of the people who are talking on this tape?

She's asked the question for him to analyze and speculate as to what the people on this tape are saying, as to what that meaning is, what they're—what they mean when they're saying what they're saying, asking him to analyze their thought processes. That's pure speculation and conjecture on the part of this witness.

THE COURT: Overruled. The question was, What about minimizing, do you see examples of him minimizing? So you can answer that question.

THE WITNESS: Like I said, he says she's exaggerating. He says that she has a big imagination. He says that he gives her [a] shower because she wants to take a shower or she won't bathe. Those are all things to minimize his own behavior. He says that he didn't say anything because he was paranoid. Those are all things to minimize his behavior.

15

Whether a defendant is guilty or not guilty is a conclusion the jury reaches based upon the instructions given them in the charge coupled with the evidence admitted at trial. *See Williams v. State*, 417 S.W.3d 162, 182 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). A witness may testify to those opinions that are "(a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." Tex. R. Evid. 701; *see Williams*, 417 S.W.2d at 182. "An opinion is not objectionable just because it embraces an ultimate issue." Tex. R. Evid. 704. A police officer may testify regarding his inspection of the evidence. *See Williams*, 417 S.W.3d at 182 (holding admissible officer's testimony that the crime scene suggested "something sexual" and that it did not appear to be a "normal sexual assault"); *Ex parte Nailor*, 149 S.W.3d 125, 134–35 (Tex. Crim. App. 2004) (holding counsel not ineffective for not objecting to officer's opinion testimony that defendant had not been attacked); *Solomon v. State*, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001) (holding admissible witness's testimony that defendant was responsible for robbery).

Detective Woodside testified as to what he, as an investigator, heard when listening to the audio recording. His testimony was rationally based upon his perception, assisted by his experience and training, and was helpful to a clear understanding of the determination of a fact at issue, that is, how to evaluate Appellant's explanations for conduct he admitted engaging in. *See* Tex. R. Evid.

701, 704.  We hold that the trial court did not abuse its discretion.  *See Garcia*, 237 S.W.3d at 836.

We overrule Appellant's fourth point.

**Conclusion**

Having overruled Appellant's points, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016

---

[i]The charge provided for Count One and, separately, the five component lesser-included offenses independently:

<u>COUNT ONE</u>

Now, if you find from the evidence beyond a reasonable doubt that the defendant, [Appellant], in Tarrant County, Texas, on or about the 1st day of September 2011 through the 14th day of August 2013, did intentionally or knowingly, during a period of time that is 30 days or more in duration, commit two or more acts of sexual abuse, to wit:  [1] aggravated sexual assault of a child under 14 years of age by causing the sexual organ of [Complainant] to contact the sexual organ of the defendant and/or [2] by causing the penetration of the sexual organ of [Complainant] by inserting his finger into her sexual organ and/or [3] by causing the sexual organ of [Complainant] to contact the mouth of the defendant and/or [4] indecency with a child by touching the genitals of [Complainant] with the hand of the defendant and/or [5] by touching the anus of

17

[Complainant] with the hand of the defendant and at the time of the commission of each of these acts of sexual abuse the defendant was 17 years of age or older and [Complainant] was younger than 14 years of age, then you will find the defendant guilty of the offense of continuous sexual abuse of a child as charged in Count One of the indictment.

Unless you so find from the evidence beyond a reasonable doubt, o[r] if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" of the offense of continuous sexual abuse of child as charged in Count One of the indictment, and you will next consider whether the Defendant is guilty of each of the lesser included offenses referred to below separately and individually.

[1] If you find from the evidence beyond a reasonable doubt that the defendant, [Appellant], in Tarrant County, Texas, on or about the 1st day of September 2011 did then and there intentionally or knowingly cause the sexual organ of [Complainant], a child younger than 14 years of age, to contact the sexual organ of the defendant; then you will find the defendant guilty of the lesser included offense of aggravated sexual assault of a child.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" of the lesser included offense of aggravated sexual assault of a child.

[2] If you find from the evidence beyond a reasonable doubt that the defendant, [Appellant], in Tarrant County, Texas, on or about the 1st day of September 2011 did then and there intentionally or knowingly cause the penetration of the sexual organ of [Complainant], a child younger than 14 years of age, by inserting his finger into her sexual organ, then you will find the defendant guilty of the lesser included offense of aggravated sexual assault of a child.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" of the lesser included offense of aggravated sexual assault of a child.

[3] If you find from the evidence beyond a reasonable doubt that the defendant, [Appellant], in Tarrant County, Texas, on or about the 1st day of September 2011[] did then and there intentionally or knowingly cause the sexual organ of [Complainant], a child younger than 14 years of age, to contact the mouth of the defendant, then you will find the defendant guilty of the lesser included offense of aggravated sexual assault of a child.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" of the lesser included offense of aggravated sexual assault of a child.

[4] If you find from the evidence beyond a reasonable doubt that the defendant, [Appellant], in Tarrant County, Texas, on or about the 1st day of September[] 2011[] did then and there intentionally, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the genitals of [Complainant], a child younger than 17 years of age; you will find the defendant guilty of the lesser included offense of indecency with a child.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" of the lesser included offense of indecency with a child.

[5] If you find from the evidence beyond a reasonable doubt that the defendant, [Appellant], in Tarrant County, Texas on or about the 1st day of September 2011[] did then and there intentionally, with intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the anus of [Complainant], a child younger than 17 years of age, then you will find the defendant guilty of the lesser included offense of indecency with a child.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty" of the lesser included offense of indecency with a child.

The charge then provided six not guilty/guilty forms. The first one was for Count One—the continuous sexual abuse of a child—which was joined by an "or" with the remaining five lesser-included offenses. Thereafter, there was one for the lesser-included offense of aggravated sexual assault of a child "and/or" for the lesser-included offense of aggravated sexual assault of a child "and/or" for the lesser-included offense of aggravated sexual assault of a child "and/or" for the lesser-included offense of indecency with a child "and/or" the lesser-included offense of indecency with a child. The jury found Appellant not guilty of "Count One" and not guilty of the three lesser-included offenses of aggravated sexual assault of a child, but it found Appellant guilty of the two lesser-included offenses of indecency with a child. Because the verdict forms are hard to follow, we provide them below.

19

## VERDICT FORMS

### COUNT ONE

We, the jury, find the defendant, [Appellant], not guilty of the offense of continuous sexual abuse of a child as charged in Count One of the indictment.

[/s/ Presiding Juror]
PRESIDING JUROR

OR

We, the jury, find the defendant, [Appellant], guilty of the offense of continuous sexual abuse of a child as charged in Count One of the indictment.

_____
PRESIDING JUROR

OR

### VERDICT FORMS (Continued)

[1] We, the jury, find the defendant, [Appellant], not guilty of the lesser included offense of aggravated sexual assault of a child.

[/s/ Presiding Juror]
PRESIDING JUROR

OR

We, the jury, find the defendant, [Appellant], guilty of the lesser included offense of aggravated sexual assault of a child.

_____
PRESIDING JUROR

AND/OR

[2] We, the jury, find the defendant, [Appellant], not guilty of the lesser included offense of aggravated sexual assault of a child.

[/s/ Presiding Juror]
PRESIDING JUROR

OR

We, the jury, find the defendant, [Appellant], guilty of the lesser included offense of aggravated sexual assault of a child.

_____
PRESIDING JUROR

AND/OR

VERDICT FORMS (Continued)

[3] We, the jury, find the defendant, [Appellant], not guilty of the lesser included offense of aggravated sexual assault of a child.

[/s/ Presiding Juror]
PRESIDING JUROR

OR

We, the jury, find the defendant, [Appellant], guilty of the lesser included offense of aggravated sexual assault of a child.

_____
PRESIDING JUROR

AND/OR

[4] We, the jury, find the defendant, [Appellant], not guilty of the lesser included offense of indecency with a child.

_____
PRESIDING JUROR

OR

We, the jury, find the defendant, [Appellant], guilty of the lesser included offense of indecency with a child.

[/s/ Presiding Juror]
PRESIDING JUROR

21

AND/OR

VERDICT FORMS (Continued)

[5] We, the jury, find the defendant, [Appellant], not guilty of the lesser included offense of indecency with a child.

_____
PRESIDING JUROR

OR

We, the jury, find the defendant, [Appellant], guilty of the lesser included offense of indecency with a child.

[/s/ Presiding Juror]
PRESIDING JUROR